# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1537 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | December 3, 2003 |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE RESPONSES TO REQUESTS FOR ADMISSIONS

The defendants, JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN, submit the following Memorandum of Law in Opposition to the plaintiff's Motion to Strike Responses to Requests for Admissions dated October 1, 2003.

Because plaintiffs' made general references to Fed.R.Civ.P. 12 and 36, we offer some law to place the plaintiffs' unfounded accusations in context. "Rule 36 serves two vital purposes, both of which are designed to reduce trial time." Advisory Committee's Note to Rule 36 (1970 Amendments). Admissions made by a party (1) facilitate proof of disputed, relevant issues in advance of a trial, and (2) narrow the scope of the trial by delineating issues that are not in dispute. Id. Rule 36 "is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." 8A WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2252; see also Wigler v. Electronic Data Sys. Corp., 108 F.R.D. 204, 205 (D.Md. 1985).

However, this does not grant license for parties to file and serve requests are replete with vague and overbroad words, terms and phrases. Without definitions or without specific phraseology, such admissions, consequently, are not "direct" or "simple" as required by Rule 36 and do not permit parties to admit or deny them in a straightforward manner. See, e.g., Shartz v. Unified School District No. 512, 1996 WL 686862, *3 (D.Kan. 1996) (failure to specify the meaning of specific terms in defendants' request for admissions rendered them ambiguous and improperly required plaintiff to

**ORAL ARGUMENT IS REQUESTED**

speculate); <u>Rhone-Poulenc Rorer, Inc. v. The Home Indemnity Co.</u>, 1992 WL 394425, *5 (E.D.Pa.) (requests containing the terms "various means", "government officials", and "medical, scientific and other publications" were improperly vague and ambiguous); <u>Dubin v. E.F. Hutton Group, Inc.</u>, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989) ("The disputed Discovery Requests are not simple and concise statements of fact, but contain vague and ambiguous wording that does not allow defendants fairly to admit or to deny them.")

      Rule 36 requires that requests for admissions must be direct and simple and not require explanation or speculation. The purposes of Rule 36(a) would be thwarted were it to be construed as compelling a responding party to answer questions that unfairly infer a particular or varied conclusion from the fact admitted or to answer vague and indefinite questions capable of more than one interpretation and requiring an explanation. <u>Caruso v. The Coleman Co.</u>, 1995 WL 347003, *5 (E.D.Pa. 1995). Time, effort, expense, and scarce judicial resources will not be conserved if a party serves vague and overbroad requests for admission which require lengthy and qualified responses based on the responding party's definition of unclear terms. *See generally* Rule 36 Advisory Committee's Note (stating the purposes of Rule 36); 8A WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2252 (same).  With these principles in mind, we address the plaintiffs' arguments in turn:

1.    With regard to the response to paragraph 4, the defendants' response was necessitated the admission sought in paragraph 3 false implied that the land at issue did, in fact, belong to Thomas Walczyk. Despite plaintiff's protestation, reference is made in paragraph 3 of the disputed ownership, a fact assumed in paragraph 4 when characterizing the same as and "incident" The response is consistent with the characterization in paragraph 4 of the "incident" described in paragraph 3. Plaintiff's opposition is absurd and disingenuous. Had the plaintiffs' crafted consistent admissions, with definitions, the response might have been different. Because the admissions lacked definitions, were inconsistent and made false implications as to the state of the facts, this response was appropriate. <u>Dubin v. E.F. Hutton Group, Inc.</u>, 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989) ("The

disputed Discovery Requests are not simple and concise statements of fact, but contain vague and ambiguous wording that does not allow defendants fairly to admit or to deny them.").

2.    With regard to the response to paragraph 5, the defendants make the same argument as above

3.    With regard to the response to paragraph 7, the plaintiffs' threat that any response is in violation of Fed.R.Civ.P. 11 – not only is untrue, but sanctionable conduct. If counsel had a problem with that admission, Rule 11 has specific procedures to be followed. Instead of doing so, counsel makes this ridiculous assertion. Defendants submit that no such direct testimony exists as represented by the plaintiffs. To the extent that any testimony exists, the totality of Officer Hebert's testimony is open to interpretation as insufficient to support the claim of the plaintiffs. Moreover, admissions are for establishing facts, not linguistic slight-of-hand with words that counsel knows are legal terms of art.  This is precisely the sort of admission that thwarts Rule 36 as the admission could be construed as compelling a responding party to answer questions that unfairly infer a particular or varied conclusion from the fact admitted or to answer vague and indefinite questions capable of more than one interpretation and requiring an explanation. Caruso v. The Coleman Co., 1995 WL 347003, *5 (E.D.Pa. 1995).

4.    With regard to the response to paragraph 10, the defendants are surprised that counsel for the plaintiffs can accuse them of being inflammatory given the tone of the rhetoric displayed in the Motion to Strike itself. Plaintiffs' sought to imply that no threat was made – such was not the case and the defendants responded appropriately. See previous paragraph.

5.    With regard to the response to paragraph 15, the response fairly and accurately responds to the plaintiffs' admission – Sergeant Jepsen testified that he made this call and that meets the substance of the admission. Plaintiffs chose not to define operative terms, including "ruse" and does so at their peril. Vague and undefined terms do not place some extra burden on the responding party to divine the meaning of the requests.

6.  With regard to the response to paragraph 19, the defendants' made a scrivener's error or an error in document assembly and will amend their responses forthwith to indicate that the appropriate response to paragraph 19 is as follows: It is admitted that the items seized from 27 Tunxis Street on September 7, 1999 are listed on Exhibit B attached hereto.

7.  With regard to the response to paragraph 21, the defendants' made a scrivener's error or an error in document assembly and will amend their responses forthwith to indicate that the appropriate response to paragraph 21 is as follows: It is admitted that the items seized from 28 Tunxis Street on September 7, 1999 are listed on Exhibit A attached hereto.

8.  With regard to the response to paragraph 23, the defendants' made a scrivener's error or an error in document assembly and will amend their responses forthwith to indicate that the appropriate response to paragraph 23 is as follows: It is admitted that the items seized from 28 Tunxis Street on September 7, 1999 are listed on Exhibit A attached hereto.

9.  With regard to the response to paragraph 24, the defendants' made a scrivener's error or an error in document assembly and will amend their responses forthwith to indicate that the appropriate response to paragraph 24 is as follows: It is admitted that the ammunition, web belts or canteens seized on September 7, 1999 and listed in Exhibits A and B attached hereto were not specifically identified as items to be seized in the search warranted dated September 4, 1999. The remainder of the plaintiffs' argument in this regard makes no sense. The response specifically states that the items were **not** listed in the warrant.

In conclusion, the plaintiffs' opposition can be summarized best by considering the tone of their arguments as it relates to the requests for admissions themselves. Instead of focusing on items that may be admitted as evidenced by the very purpose of Rule 36 - (1) facilitate proof of disputed, relevant issues in advance of a trial, and (2) narrow the scope of the trial by delineating issues that are not in dispute, none of the requested admissions cover these areas. None of the admissions are direct and simple. The plaintiffs' requested admissions thwart the very purpose of Rule 36(a). Granting the

plaintiffs' motion which would require the defendants to respond to admissions that unfairly infer a particular or varied conclusion from the fact admitted or to answer vague and indefinite questions capable of more than one interpretation and requiring an explanation is improper and thwarts the very purpose of Rule 36. Caruso v. The Coleman Co., 1995 WL 347003, *5 (E.D.Pa. 1995). Time, effort, expense, and scarce judicial resources will not be conserved if a party serves vague and overbroad requests for admission which require lengthy and qualified responses based on the responding party's definition of unclear terms. *See generally* Rule 36 Advisory Committee's Note (stating the purposes of Rule 36); 8A WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2252 (same). Indeed, the defendants should not be subjected to additional time, effort and expense – and this court should not expend any additional judicial resources on this question other than to deny the motion.

WHEREFORE, the defendants pray that their Opposition to the plaintiffs' Motion to Strike is sustained and the plaintiffs' Motion is denied.

THE DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES
JEPSEN, WILLIAM TYLER, ANGELA
DESCHENES and SHAWN BROWN


/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 3rd day of December 2003.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106


/s/ John J. Radshaw, III
John J. Radshaw, III