UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| THOMAS WALCZYK, ELIZABETH WALCZYK, MAXIMINA WALCZYK, individually and as P.P.A for MICHELLE WALCZYK, a minor child. | : CIVIL ACTION NO. 3:02CV1537 (RNC) <br> : <br> : US DISTRICT COURT <br> : HARTFORD CT <br> : |
| Plaintiffs | : |
| v. | : |
| JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND, SHAWN BROWN | : <br> : <br> : |
| Defendants | : DECEMBER 11, 2003 |

2003 DEC 11 A 2: 48

## OBJECTION TO DEFENDANTS' MOTION TO FILE MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE RESPONSES TO REQUESTS FOR ADMISSIONS OUT OF TIME

The plaintiffs, THOMAS WALCZYK, ELIZABETH WALCZYK, MAXIMINA WALCZYK, and MICHELLE WALCZYK, hereby object to the defendants' Motion to File Memorandum in Opposition to Motion to Strike Responses to Requests for Admissions Out of Time, dated December 3, 2003. The defendants' motion displays the same cavalier attitude towards procedural principles evidenced throughout this litigation. The defendants were required to object to the Plaintiffs' Motion to Strike by October 22, 2003. They failed to do so and have provided absolutely no reason for their six-week delay. The bulk of their motion asserts that the plaintiffs will not be prejudiced by this filing– an assertion the plaintiffs dispute. In further support hereof, the plaintiffs incorporate the attached memorandum of law in full by reference herein.

WHEREFORE, the plaintiffs request that the defendants' Motion to File Memorandum of Law in Opposition to Plaintiffs' Motion to Strike Responses to Requests for Admissions be denied. The plaintiffs further request the costs and attorney's fees in filing this motion. In the

event the court agrees with the defendants, the plaintiffs request that the court allow the plaintiffs to additionally depose the defendants at the defendants' expense.

THE PLAINTIFFS,

By: _____
Jon L. Schoenhorn
Federal Bar No. ct00119
Schoenhorn & Associates
97 Oak Street
Hartford, CT 06106
Tel: (860) 278-3500
Fax: (860) 278-6393

## CERTIFICATION

This is to certify that the foregoing has been mailed, postage prepaid, this 11th day of December, 2003, to:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel. 860-249-1361

_____
Jon L. Schoenhorn

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 15 P 2:48

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| THOMAS WALCZYK, ELIZABETH WALCZYK, MAXIMINA WALCZYK, individually and as P.P.A for MICHELLE WALCZYK, a minor child. | CIVIL ACTION NO.: 3:02CV1537 (RNC) |
| Plaintiffs | |
| v. | |
| JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND, SHAWN BROWN | |
| Defendants | DECEMBER 11, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO FILE MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE RESPONSES TO REQUESTS FOR ADMISSIONS OUT OF TIME

Federal Rule of Civil Procedure 36 "is intended to *expedite* the trial and to relieve that parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252 (Emphasis added). "Rule 36 serves two vital purposes, both of which are designed to *reduce* trial time." Advisory Committee's Note to Rule 36 (1970 Amendments) (Emphasis added).

The plaintiffs filed requests for admissions to all the defendants on August 5, 2003. The defendants responded to those requests without objection on September 4, 2003. Thereafter, on October 1, 2003, the plaintiffs moved to strike certain portions of the defendants' responses to the plaintiffs' requests for admissions or, in the alternative, to deem the objectionable responses admitted in their entirety. By their own admission, the defendants' objection to the plaintiffs' motion to strike defendants' responses to plaintiffs' requests for admission were due on October

25, 2003[1], over a month before the filing of the instant motion. The plaintiffs have prepared and evaluated their case in reliance on the defendants' failure to respond timely. Moreover, the defendants' motion comes after the close of discovery, including after all depositions have been held and completed. Further, there is a settlement conference scheduled in this matter for December 22, 2003, and the plaintiffs are entitled to rely on the requests for admissions in preparation for that conference. If the defendants had issues with the vagueness or ambiguity of the requests, they should have objected initially instead of responding.

Rule 36 provides that, in objecting, "[t]he answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." The plain language of the rule gives a party two options in responding to complex requests for admissions; either deny those parts of the request which are untrue and admit the rest, or object to the interrogatory." *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 1992 U.S. Dist. LEXIS 20249, *14 (E.D.Pa.) The defendants chose to respond inappropriately with tacit admissions but by simultaneously altering the substance of the requests in what can only be an effort to further confuse, muddy and delay these proceedings. The fact that the defendants chose to respond to the requests, rather than object, indicates that they had little difficulty understanding the questions. It is disingenuous for the defendants to claim now, after they have responded to the plaintiffs requests, that they did not understand the questions due to the questions' inherent vagueness or ambiguity or that the requests unfairly presented the facts. That is what the objection process is for. The sum and substance of the defendants' current complaints should have been raised at the time they initially responded to the plaintiffs' requests as formal objections, and they have provided no cause, let alone the requisite good cause, to allow them to

---

[1] The plaintiffs submit that an objection to their motion to strike was actually due on October 22, 2003, 21days after the filing of the motion to strike. See Local Rule of Civ. Pro. 9.

object out of time. Further, had the defendants admitted the requests, then the plaintiffs would not have to prove those facts. If the defendants denied the requests, the plaintiffs would have been able to impeach the defendants' credibility. Due to the defendants' transformation of the substance of the requests, the plaintiffs are neither able to rely on those admissions to expedite the trial by alleviating them of their burden to prove those facts, nor are the plaintiffs able to challenge the defendants' credibility because the defendants did not respond to the requests posed. The defendants' motion serves only to unreasonably delay resolution to an action that occurred over four years ago.

Even if, however, the court entertains the defendants' objection, they have misconstrued and exaggerated the impact of their responses to the plaintiffs' requests for admissions. The requests to which the defendants now object were neither ambiguous or vague in any material sense, and the defendants' claim to the contrary evidences their lack of candor in this action:

1. The defendants claim with regards to paragraph 4 that the characterization that the use of the word "incident" referenced the disputed ownership of the land at the end of Tunxis Street. Even if this is true, the ownership of the land is not in issue in this case. It is entirely immaterial who owned the land because Thomas Walczyk was not arrested for trespassing and the search was not predicated on a trespassing charge. Thus, the "clarification" provided by the defendants addressed an immaterial factual proposition in order to introduce immaterial and inflammatory remarks concerning that ownership. Any "implication" that Thomas Walczyk may have owned the land would in *no* way have impacted the defendants' position or defense or unfairly prejudiced the defendants. The disputed fact simply did not matter.

2. The defendants repeat their argument for paragraph 4 in regards to paragraph 5, which more clearly indicates their dilatory tactics. Paragraph 5 reads in its entirety, "On August 30, 1999, Officer David Hebert of the Farmington Police Department arrived at 28 Tunxis Street,

Farmington." Nowhere does this paragraph reference the word "incident" or the previous "incident" described above. Nowhere does this paragraph reference or mention the disputed land at all. Thus, it is readily apparent that the defendants' tactic is to simply introduce immaterial facts regarding the immaterial land dispute in an effort to confuse and divert the reader. There is absolutely no way that this sentence can be reasonably read to contain any ambiguity or lack of clarity. It can easily be answered either "admitted" or "denied", and the defendants refusal to answer simple and direct questions flies in the face of the fairness and candor expected throughout litigation.

    3.    Officer Hebert testified that "[h]ad [he] observed somebody violating the law, then. . . [he] would have made an immediate arrest." See attached. The defendants object that this testimony is "insufficient to support the claim of the plaintiffs." The request attempted to establish the fact that Officer Hebert did not observe somebody violating the law, i.e, he did not believe Thomas Walczyk had committed a crime. The defendants' obligation is to answer this simple and direct request and not to evaluate whether it is supportive of the plaintiffs' claim.

    4.    As to paragraph 10, the plaintiffs are surprised that the defendants refuse to simply answer "admit" or "deny" to a simple and direct request in an effort to narrow the issues and facts for trial. Paragraph 10 states simply that Thomas Walczyk never displayed a firearm during his entire conversation with Officer Hebert. The defendants gratuitously reference the ambiguous term "bloodbath" in response to this straightforward query, which serves no purpose other than to mislead. The question in no way required reference to a "bloodbath". The question, while potentially harmful to the defendants, is in no way ambiguous or in need of the defendants' attempted "clarification."

    5.    The defendants attempt to excuse their disingenuous response to paragraph 15 by claiming that the plaintiffs failed to define the "operative term" ruse and that their response,

therefore, meets the substance of the request. The plaintiffs have not, however, pointed to or argued how the word "ruse" is, in any way, ambiguous or vague. The word "ruse" clearly embraces deception and the substance of the plaintiffs' request therefore, was that service of the arrest warrant was accomplished through deception. While there is no extra burden on parties to "divine the meaning of the requests," that does not mean that the defendants are excused from exercising common usage of specific terminology. If the defendants were confused due to some vagueness or ambiguity in the word "ruse", then they should have objected, rather than ignoring the central point of the request in an effort to outfox the linguistic and grammatical construction of a legitimate request.

In sum, the defendants have presented no reason to justify granting the instant motion. Simply asserting that the plaintiffs have not and will not be prejudiced, an assertion the plaintiffs dispute, is insufficient to constitute good cause for the defendants' untimely filing and to justify the further delay as a result. For that reason alone, the court should grant the plaintiffs' motion to strike. Moreover, even if the court considers the merits of the defendants' motion, the defendants have not presented sufficient reasons supporting their objections as outlined above.

WHEREFORE, the plaintiffs request that the defendants' Motion to File Memorandum of Law in Opposition to Plaintiffs' Motion to Strike Responses to Requests for Admissions be denied. The plaintiffs further request the costs and attorney's fees in filing this motion. In the event the court agrees with the defendants, the plaintiffs request that the court allow the plaintiffs to additionally depose the defendants at the defendants' expense.

THE PLAINTIFFS,

By: _____
Jon L. Schoenhorn
Federal Bar No. ct00119
Schoenhorn & Associates
97 Oak Street
Hartford, CT 06106
Tel: (860) 278-3500
Fax: (860) 278-6393

## **CERTIFICATION**

This is to certify that the foregoing has been mailed, postage prepaid, this 11th day of December, 2003, to:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel. 860-249-1361

_____
Jon L. Schoenhorn

F:\SHARED\CLIENTS\Walczyk-Civil\Obj to untimely opposition.wpd

-6-