Case 3:02-cv-01536-RNC   Document 46   Filed 12/22/2003   Page 1 of 13

02CV1537 memsup

FILED
2003 DEC 22 P 1:5
U.S. DISTRICT COURT
HARTFORD, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS WALCZYK, ELIZABETH : CIVIL ACTION NO. 3:02CV1537 (RNC)
WALCZYK, MAXIMINA WALCZYK, :
individually and as P.P.A for MICHELLE :
WALCZYK, a minor child. :
:
    Plaintiffs :
:
v. :
:
:
JAMES RIO, BRIAN KILLIANY, JAMES :
JEPSEN, WILLIAM TYLER, ANGELA :
DESCHENES AND, SHAWN BROWN :
: DECEMBER 19, 2003
    Defendants

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPE[L] DISCOVERY AND REQUESTS FOR SANCTIONS

Federal Rule of Civil Procedure 37 states that "[a] party . . . may apply for an order compelling disclosure or discovery. . . [i]f a deponent fails to answer a question propounded or submitted under Rules 30 or 31. . . ." Rule 37 "is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (1995). Further, Rule 37 allows that "[i]f the motion is granted or if the disclosure or discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . . ."

In this case, the plaintiffs inquired at depositions of Defendants Jepsen and Rio whether they had ever been disciplined, whether they had ever been sued for violation of civil rights, whether they had ever been subject to discipline for violating anyone's Fourth Amendment rights or Article I, §§ 7

and 9 of the Connecticut Constitution, and whether they had ever been sued previously for violating anyone's Fourth Amendment rights or the similar rights under the Connecticut Constitution involving illegal searches and seizure. (See attached transcripts). Counsel for the defendants objected and directed each witness not to answer these questions. The undersigned requested an explanation of defense counsel's objection and direction in an attempt to resolve these issues short of court action. Defense counsel stated that he was instructing these defendants "not to answer unless ordered by the court." (See attached). The case *sub judice* involves a claim regarding the reasonableness of a search and seizure by these defendants. Their state of mind, particularly knowledge of the parameters of a reasonable search and seizure, is relevant. Whether these defendants have been involved in litigation regarding searches and seizures in the past is relevant to determine their reckless disregard for or deliberate indifference to the plaintiffs' rights. Thus, the basis for the defendants' objections is meritless and the motion should be granted.

THE PLAINTIFFS

By: _____
Jon L. Schoenhorn
Their Attorney

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 19th day of December, 2003 to the following counsel of record:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel. (860) 249-1361

_____
Jon L. Schoenhorn

F:\SHARED\CLIENTS\Walczyk-Civil\Mot Compel and Sanctions.wpd

JON L. SCHOENHORN & ASSOCIATES
ATTORNEYS AT LAW
97 OAK STREET • HARTFORD, CT 06106 • TEL. (860) 278-3500 • JURIS NO. 406505 • FEDERAL BAR NO. ct 00119

```
                                                                    1
```

```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT
 2   THOMAS WALCZYK, et al        :
 3                                :    CIVIL ACTION NO. 3:02CV1536(RNC)
                                  :
 4   v.                           :
                                  :
 5   JAMES RIO, et al             :    SEPTEMBER 13, 2003

 6         Deposition of **JAMES RIO**, taken pursuant to Notice and in

 7   accordance with Rule 30 of the Federal Rules of Civil

 8   Procedure, at the law offices of Howd & Ludorf, Esquires, 65

 9   Wethersfield Avenue, Hartford, Connecticut on September 13,

10   2003 at 1 o'clock p.m., before Carol B. Marcinek, a duly

11   qualified Court Reporter and Notary in and for the State of

12   Connecticut.

13
     APPEARANCES:
14
                                        SCHOENHORN & ASSOCIATES
                                        BY:  JON L. SCHOENHORN, Esquire
15                                           MATTHEW DWYER, Esquire
                                             97 Oak Street
16                                           Hartford, CT 06106

17                                      Representing the Plaintiff

18                                      HOWD & LUDORF
                                        BY:  THOMAS R. GERARDE, Esquire
19                                           MAGDALENA P. PARNELL, Esquire
                                             65 Wethersfield Avenue
20                                           Hartford, CT 06114

21                                      Representing the Defendant

22
                                        Carol B. Marcinek
23                                      Notary Public

24

25
```

1  chosen as the affiants for this particular search warrant?
2      A   I didn't discuss that with them.
3      Q   Did you discuss it with anyone else as to whether or
4  not they were objecting to signing off on it?
5      A   I never specifically asked anybody if they objected.
6  Nobody ever told me that they did.
7      Q   I just have a few more questions. Have you ever been
8  disciplined by the Farmington Police Department?
9      ATTORNEY GERARDE: You are now in an area,
10  objection area. Let me just state our position.
11  What we are going to do is not agree to -- there is
12  no failure to train claim in this case, so, because
13  of that, we are not going to agree to any discipline
14  testimony or IA testimony or anything along those
15  lines. So, I mean -- absent a court order.
16      ATTORNEY SCHOENHORN: Well, I'll note that you
17  did not reserve that as a -- that you were going to
18  reserve any objection other than as to form as the
19  usual objections. So, I believe I'm entitled to ask
20  this question at a deposition. So, you're directing
21  him not to answer --
22      ATTORNEY GERARDE: Yes.
23      ATTORNEY SCHOENHORN: -- whether he's ever been
24  disciplined?
25      ATTORNEY GERARDE: Exactly.

1  BY ATTORNEY SCHOENHORN:

2     Q    Have you ever been sued for violation of civil
3  rights?

4           ATTORNEY GERARDE: Same response. Same
5     position.

6           ATTORNEY SCHOENHORN: I'll note, I believe, that
7     the Town of Farmington is a defendant in this
8     matter.

9           ATTORNEY GERARDE: Not that I know of. There is
10    no Monell claim.

11          ATTORNEY SCHOENHORN: No Monell claim?

12          ATTORNEY GERARDE: It's all individuals.

13          ATTORNEY SCHOENHORN: And I claim that I'm
14    entitled to -- well, then, I'll rephrase the
15    question.

16 BY ATTORNEY SCHOENHORN:

17    Q    Have you ever been subject to discipline for
18 violating anyone's Fourth Amendment Rights or Article 1
19 Section 7 and 9 of the Connecticut Constitution?

20          ATTORNEY GERARDE: Same position. Instruct him
21    not to answer.

22 BY ATTORNEY SCHOENHORN:

23    Q    And have you ever been sued previously for violating
24 anyone's Fourth Amendment Rights or the similar rights under
25 the Connecticut Constitution involving illegal searches and

```
 1   seizure?
 2            ATTORNEY GERARDE:  Same position.  Instruct him
 3   not to answer.
 4            ATTORNEY SCHOENHORN:  I will note we'll be back
 5   because it's clearly relevant to his state of mind
 6   so -- and what's your theory under which those
 7   questions cannot be asked?
 8            ATTORNEY GERARDE:  That there is no failure to
 9   train, failure to supervise or anything -- any
10   other -- either Monell or under supervise
11   individuals in this case.  So, therefore, even if he
12   had numerous instances in the past, it's not
13   relevant to what happened on that specific day.  He
14   told you what his Fourth Amendment training was.  We
15   didn't object to that and what his reasons were for
16   entering and believing there was probable cause.
17            ATTORNEY SCHOENHORN:  So, your claim is
18   relevance?
19            ATTORNEY GERARDE:  My claim is what I said.
20            ATTORNEY SCHOENHORN:  And you're directing him
21   not to answer?
22            ATTORNEY GERARDE:  Right.
23   BY ATTORNEY SCHOENHORN:
24       Q    Have you ever been convicted of a crime?
25            ATTORNEY GERARDE:  That is the same position and
```

81

C E R T I F I C A T I O N

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
THOMAS WALCZYK, et al       :
                            :   CIVIL ACTION NO. 3:02CV1536(RNC)
                            :
v.                          :
                            :
JAMES RIO, et al            :   SEPTEMBER 13, 2003
```

       I, Carol B. Marcinek, a Notary Public duly commissioned and qualified in and for the State of Connecticut, do hereby certify that pursuant to Notice, according to Rule 30 of the Federal Rules of Civil Procedure, there came before me on the 13th day of September, 2003 at 1 o'clock p.m., at the law offices of Howd & Ludorf, Esquires, 65 Wethersfield Avenue, Hartford, Connecticut, the following named person, to wit, **JAMES RIO,** who was by me duly sworn to testify to the truth and nothing but the truth of his knowledge touching and concerning the matters in controversy in this cause; that he was thereupon carefully examined upon his oath and his testimony reduced to writing under my supervision and that the deposition is a true record of the testimony given by the witness.

       I further certify that I am neither attorney or counsel for, nor related to or employed by any of the parties to the action in which this deposition is taken, and further that I am not a relative or employee of any attorney or

1  counsel employed by the parties thereto or financially
2  interested in the action.
3         In witness whereof I have hereunto set my hand and
4  affixed my notarial seal this 18th day of September, 2003.
5
6
7
8
9                                          *[signature]*
10                                    NOTARY PUBLIC
11 My commission expires:
12 July, 2006
13 License no. 00094

1

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
THOMAS WALCZYK, et al      :
                           :   CIVIL ACTION NO. 3:02CV1536(RNC)
                           :
   v.                      :
                           :
JAMES RIO, et al           :   SEPTEMBER 13, 2003
```

      Deposition of **JAMES JEPSEN**, taken pursuant to Notice and in accordance with Rule 30 of the Federal Rules of Civil Procedure, at the law offices of Howd & Ludorf, Esquires, 65 Wethersfield Avenue, Hartford, Connecticut on September 13, 2003 at 3 o'clock p.m., before Carol B. Marcinek, a duly qualified Court Reporter and Notary in and for the State of Connecticut.

APPEARANCES:

```
                        SCHOENHORN & ASSOCIATES
                        BY:   JON L. SCHOENHORN, Esquire
                              MATTHEW DWYER, Esquire
                              97 Oak Street
                              Hartford, CT 06106

                        Representing the Plaintiff

                        HOWD & LUDORF
                        BY:   THOMAS R. GERARDE, Esquire
                              MAGDALENA P. PARNELL, Esquire
                              65 Wethersfield Avenue
                              Hartford, CT 06114

                        Representing the Defendant


                              Carol B. Marcinek
                              Notary Public
```

1  Q  Now, prior to September 7 of 1999, have you ever been
2  the subject of a lawsuit for allegations of violating people's
3  Fourth Amendment Rights or their rights under equivalent
4  Connecticut Constitutional provisions, Article 1 Section 7, 8
5  or 9?

   ATTORNEY GERARDE:  Similar to the position we
6  took in Captain Rio's deposition, we are instructing
7  him not to answer that question unless ordered by
8  the court.

   ATTORNEY SCHOENHORN:  Which we will have to have
10  the court litigate.

12 BY ATTORNEY SCHOENHORN:
13  Q  Have you ever been the subject of discipline for
14  similar type of allegations, that is violating people's Fourth
15  Amendment or search and seizure rights under either federal or
16  state constitution?

   ATTORNEY GERARDE:  Same instruction and why
18  don't I just state for the record, in this
19  deposition, there is no allegation against the Town
20  of Farmington.  There is no claim, there is no
21  individual claim, against supervising -- failure to
22  train and failure to supervise and that's the basis
23  for our objection.

   ATTORNEY SCHOENHORN:  We'll have to resolve that
25  at a hearing in front of the judge.

1            ATTORNEY GERARDE:  Fair enough.

2            ATTORNEY SCHOENHORN:  In front of Judge

3   Chatigny.

4   BY ATTORNEY SCHOENHORN:

5      Q   Have you ever been convicted of a crime?

6      A   No.

7      Q   Can you explain to me, in one of your answers to the

8   questions why you were either requesting or joined in the

9   request for the West Hartford Emergency Response Team, you

10  said you were concerned for Thomas Walczyk, his family and the

11  involved officers given the possible number of weapons in the

12  homes and Thomas Walczyk's previously demonstrated tendency to

13  display or threaten the use of weapons.  That was your answer?

14     A   Right.

15     Q   First of all, did you have any personal knowledge

16  that Mr. Walczyk had ever displayed or threatened weapons

17  against another person?

18     A   Yes.

19     Q   When was that?

20     A   And it was talked about when I was a patrol officer.

21     Q   I'm asking personal knowledge.

22     A   Oh, no.

23     Q   You're aware that there had been other incidents --

24     A   Yes.

25     Q   -- that had been talked about?  Were you aware of any

```
 1
 2                    C E R T I F I C A T I O N
 3
                    UNITED STATES DISTRICT COURT
 4                      DISTRICT OF CONNECTICUT
 5
     THOMAS WALCZYK, et al      :
 6                              :   CIVIL ACTION NO. 3:02CV1536(RNC)
                                :
 7   v.                         :
                                :
 8   JAMES RIO, et al           :   SEPTEMBER 13, 2003
```

9         I, Carol B. Marcinek, a Notary Public duly
10 commissioned and qualified in and for the State of
11 Connecticut, do hereby certify that pursuant to Notice,
12 according to Rule 30 of the Federal Rules of Civil Procedure,
13 there came before me on the 13th day of September, 2003 at 3
14 o'clock p.m., at the law offices of Howd & Ludorf, Esquires,
15 65 Wethersfield Avenue, Hartford, Connecticut, the following
16 named person, to wit, **JAMES JEPSEN,** who was by me duly sworn
17 to testify to the truth and nothing but the truth of his
18 knowledge touching and concerning the matters in controversy
19 in this cause; that he was thereupon carefully examined upon
20 his oath and his testimony reduced to writing under my
21 supervision and that the deposition is a true record of the
22 testimony given by the witness.
23         I further certify that I am neither attorney or
24 counsel for, nor related to or employed by any of the parties
25 to the action in which this deposition is taken, and further

```
 1  that I am not a relative or employee of any attorney or
 2  counsel employed by the parties thereto or financially
 3  interested in the action.
 4          In witness whereof I have hereunto set my hand and
 5  affixed my notarial seal this 18th day of September, 2003.
 6
 7
 8
 9
10                                    _____
11                                    NOTARY PUBLIC
12  My commission expires:
13  July, 2006
14  License no. 00094
15
16
17
18
19
20
21
22
23
24
25
```