UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS WALCZYK, ET AL           :      NO.:  3:02CV1537 (RNC)
                                :
v.                              :
                                :
JAMES RIO, ET AL                :      JANUARY 8, 2004

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS

The defendants, JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN, submit the following memorandum of law in opposition to the plaintiffs' Motion to Compel and Request for Sanctions dated December 19, 2003. The plaintiffs' motion should be denied because it is technically deficient, unsupported in law and unsupported in fact.

Fed.R.Civ.P. 37 and D.Conn.L.R. 37 set forth very specific requirements before the court may consider a Motion to Compel. Reviewing these rules demonstrates the patent defects in the plaintiffs' Motion. Particularly, D.Conn.L.R. 37(a)(2) states:

> No motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposition party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specific the issues so resolved and the issues remaining unresolved.

It is undisputed that counsel for the plaintiff has never conferred with opposing counsel concerning the issues set forth in his Motion – in a good faith effort to resolve the issue or otherwise. *See* D.Conn.L.R. 37(a)(2). Certainly, counsel for the plaintiff has

never discussed the discovery issues claimed in his Motion to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. Id. Because counsel for the plaintiff never made any effort as required by Fed.R.Civ.P. 37(a)(2), it would be impossible for him to execute an affidavit that he did so and attach it as part of his moving papers. Fed.R.Civ.P. 37(a)(2) ("In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposition party in an effort in good faith . . .") Lacking compliance with the most basic elements of D.Conn.L.R. 37, the plaintiffs' arguments must be rejected and the Motion to Compel must be denied. More outrageous than counsel's noncompliance with the basic elements of D.Conn.L.R. 37, is counsel's request for sanctions in the very same pleading.

    These are the apparent questions at issue:

As to Captain Rio:

1. Have you ever been disciplined by the Farmington Police Department?

2. Have you ever been sued for violation of civil rights?

3. Have you ever been sued previously for violating anyone's Fourth Amendment Rights or the similar rights under the Connecticut Constitution involving illegal searches and seizure?

As to Sergeant Jepsen:

1. Now prior to September 7 of 1999, have you ever been the subject of a lawsuit for allegations of violating people's Fourth Amendment Rights or their rights under equivalent Connecticut Constitutional provisions, Article 1 Section 7, 8 or 9?

      2.      Have you ever been the subject of discipline for similar type allegations, that is violating people's Fourth Amendment or search and seizure rights under either federal or state constitution?

*See* Pl. Motion to Compel, pp. 6-7, 12-3.

      Had counsel for the plaintiffs bothered to follow the Rules, he would have contacted counsel for the defendants and learned the legal basis for their objections. They are several.

      Counsel's questions were improper on several levels. First, plaintiffs' had propounded written interrogatories, several of which were identical to the questions asked at the depositions in question. The defendants interposed timely objections to many of those interrogatories and requests for production. *See* Exhibit A, particularly, Interrogatories No. 15, 16, 17 and 18 and objections. The interrogatories are nearly identical to those posed at the deposition. No effort to resolve the initial objections that were filed, informally or otherwise. The plaintiffs cannot accomplish by the means of a deposition that they could not accomplish by written interrogatory.. On that basis alone, the motion should be denied.

      Second, the claim that the answers to the questions at issue are pertinent to determine the reasonableness of the officer's belief in the lawfulness of their actions is wholly unsupported by law. The allegations of the plaintiffs' complaint do not contain a single allegation that implicates the liability of the Town of Farmington. *See* Pl. Amended Complaint, Doc. #22. The plaintiffs' complaint is limited to suing police officers in their individual capacities. Nothing has been pleaded which implicates a failure to train or discipline where such information may be relevant. <u>Id.</u> Testimony concerning lawsuits, discipline or internal affairs issues and citizen complaints, phrased as broadly as counsel for the plaintiffs has done, is simply not appropriate. Existence of similar claims of misconduct may be relevant, blanket questions are not.

      Indeed, Rule 404(b) of the Federal Rules of Evidence expressly provides that evidence of "other crimes, wrongs, or acts" may be admissible for at least some

3

purposes, including "intent . . . absence of mistake or accident." However, blanket questions are not appropriate. Thus, any blanket question not limited to allegations of acts similar to those alleged in the complaint are not "reasonably calculated to lead to the discovery of admissible evidence." See, e.g., Malsh v. New York City Police Dep't, No. 92 Civ. 2973, 1995 WL 217507, at *2 & n. 5 (S.D.N.Y. Apr. 11, 1995) (citing cases).

Moreover, allegations wholly unrelated to those alleged in the complaint, their relevance has been found to be "too tenuous to allow discovery." Katt v. New York City Police Dep't, No. 95 Civ. 8283, 1997 WL 394593, at *3-*4 (S.D.N.Y. July 14, 1997); *see also* Haya v. City of New York, No. 93 Civ. 7754, 1995 WL 314724, at *1 (S.D.N.Y. May 24, 1995); Laws v. Cleaver, No. 3:96 CV 0092 (JGM) 1999 WL 33117449 (D.Conn. Nov. 17, 1999) (permitted discovery by plaintiff in excessive force case of prior excessive force complaints against the defendants); Reyes ex rel. Reyes v. City of New York, No. 00 CIV 2300 (SHS) 2000 WL 1528239 at *2, (SDNY Oct 16 200) (holding that citizen complaints "concerning allegations of acts similar to those alleged in the complaint 'may be reasonable calculated to the discovery of admissible evidence.'"); *cf*. Mingues v. Bezio, No. 96 CIV. 5396 (JSR) (HBP), 1999 WL 637228, at *1 (S.D.N.Y. Aug. 19, 1999) (barring discovery of defendants prior actions)

Here, counsel's overbroad questions – objected to when it was an interrogatory and objected to at depositions – simply do not fall in the realm of an answerable question without some limitation. Additionally, the apparent crux of the plaintiffs' argument – prior acts are relevant to determine the reasonableness of the officers' belief in the lawfulness of their actions – plays no role in a lawsuit against a public official to whom qualified immunity may apply. Determination of whether official conduct was objectively reasonable "require[s] examination of the information possessed" by the officials at that time (without consideration of subjective intent). Anderson v. Creighton, 483 U.S. 635, 641 (1987); *see also* Vega v. Miller, 273 F.3d 460, 466 (2d Cir. 2001) (Qualified immunity analysis necessarily "requires consideration of the clarity of the law establishing the right allegedly violated and whether a reasonable person, acting under the circumstances then confronting a defendant, would have understood that the applicable law was being violated.") Courts do not consider the subjective intent,

4

motives, or beliefs of the officials, *see* Anderson, 483 U.S. at 641. Inclusion of a subjective component, as the Supreme Court instructed, produces inconsistent results and defeats the purpose of the doctrine by creating a factual issue requiring resolution by a jury. Harlow, 457 U.S. at 815-16. Had the operative complaint included allegations based on Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978), these issues may be discoverable. It is undisputed the operative complaint does contain such allegations.

With regard to the Request for Sanctions included in the plaintiffs' Motion, the Request should be denied because the defendants' claims are certainly meritorious. The plaintiffs' counsel's disregard of D.Conn.L.R. 37, which his compliance with could have avoided court involvement, has brought this "dispute" upon himself; no sanctions are warranted.

WHEREFORE, the defendants pray that the plaintiffs' Motion to Compel and Request for Sanctions is denied.

> THE DEFENDANTS,
> JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN
>
> /s/ John J. Radshaw, III
> John J. Radshaw, III, ct19882
> HOWD & LUDORF
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (fax)

5

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 8th day of January 2004.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106

                                    /s/ John J. Radshaw, III
                                    John J. Radshaw, III

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1537 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | SEPTEMBER 9, 2003 |

**OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION DATED JULY 14, 2003**

Pursuant to Fed. R. Civ. P. 33 and 34, the defendants, JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN, hereby object to plaintiffs' interrogatories and requests for production as follows:

**OBJECTION TO INTERROGATORIES**

1. Please state your full name, and other names by which you have been known, date of birth, town of residence, other addresses at which you have resided within the past ten (10) years, business address, occupation, police rank and badge number.

**ANSWER**:

**OBJECTION**. The defendants objection to Interrogatory No. 1 insofar as it requests information concerning the defendants town of residence, current address and addresses where the defendants have resided over the past town (10) years. As sworn law enforcement officers of the Town of Farmington, the defendants have a security interest in not disseminating their residential addresses to members of the public.

4. Has your employer ever distributed to you, or required the reading or watching of, any materials (including books, articles, memoranda, audio cassettes, videos or CD ROMS) concerning the law of arrest, search and seizure, the lawful

# Exhibit A

ownership of firearms and/or the constitutional rights of citizens?  (Including the period of your original training, and any subsequent materials during the term of you service as a police officer, including the various types of training enumerated in question no. 6)  If yes, describe all such material including title, author and publication date of each such piece of material; the date when such material was given to you to read and whether or not you actually read each such piece of material.

**ANSWER**:

    **OBJECTION**. The defendants hereby object to Interrogatory No. 4 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Interrogatory No. 4 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

    5.    Please list any and all additional training on search and seizure warrants, arrest warrants, constitutional rights and violations, probable cause, and the lawful use and ownership of firearms, which you have received since your tenure as a police officer, including:  academies, lectures, seminars, courses, in house training or programs.

**ANSWER**:

    **OBJECTION**. The defendants hereby object to Interrogatory No.5 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Interrogatory No. 5 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The

plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

15.     Identify any and all complaints made against you, disciplinary and/or internal affairs investigations and proceeding(s) by the Farmington Police Department of which you have been subject and the outcome of each matter.

**ANSWER**:

**OBJECTION**. The defendants hereby object to Interrogatory No. 15 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Interrogatory No. 15 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

16.     Identify any and all internal affairs complaints of the Farmington Police Department or any other police department of which you have been a subject involving false arrest, unlawful detentions or violations of civil rights.

**ANSWER**:

**OBJECTION**. The defendants hereby object to Interrogatory No. 16 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Interrogatory No. 16 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or

3

that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

17.    Identify any and all legal proceedings in any court in which you have been charged with either abuse of lawful authority or violation of anyone's civil rights.

**ANSWER**:

**OBJECTION**. The defendants hereby object to Interrogatory No. 17 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Interrogatory No. 17 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

18.    Have you ever been arrested and or convicted of any criminal or motor vehicle offense?  If yes, state the offense, date of occurrence, location and disposition of the case.

**ANSWER**:

**OBJECTION**. The defendants hereby object to Interrogatory No. 18 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Interrogatory No. 18 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

2.      Provide any documentation referred to in Interrogatory No. 4.

**ANSWER**:

**OBJECTION**. The defendants hereby object to Request No. 2 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Request No. 2 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

3.      Provide any written communication and reports referred to in Interrogatory Nos. 5, 6, 7, 9 and 10.

**ANSWER**:

**OBJECTION**. The defendants hereby object to Request No. 4 because it is irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Request No. 4 on the grounds that it is overbroad, vague and is unlimited in time and scope. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

4.      Provide any documents involving a disciplinary proceeding, internal affairs proceeding, internal affairs complaints, pleadings or legal proceedings referred to in Interrogatory Nos. 15, 16, 17, and 18.

**ANSWER**:

     **OBJECTION**. The defendants hereby object to Request No. 4 because the request seeks documents that are irrelevant, immaterial and will not lead to the discovery of admissible evidence. Furthermore, the defendants object to Request No. 4 on the grounds that it is overbroad, vague and is unlimited in time and scope. Without waiving any portion of this objection, the documents requested by the plaintiffs in this request are not in the defendant's possession, custody or control to the extent such documents may or may not exist. Moreover, inquiry in this regard is not rationally related to any allegation in the plaintiffs' complaint. The plaintiffs do not make any allegations concerning the failure to train, supervise, or that their claimed civil rights violations were the result of a policy, practice or procedure of the Town of Farmington, a party that is not a defendant in this action.

                              THE DEFENDANTS,
                              JAMES RIO, BRIAN KILLIANY,
                              JAMES JEPSEN, WILLIAM TYLER,
                              ANGELA DESCHENES and SHAWN
                              BROWN

                              By <u>/s/ John J. Radshaw, III</u>
                                  Thomas R. Gerarde, ct05640
                                  John J. Radshaw, III, ct19882
                                  HOWD & LUDORF
                                  65 Wethersfield Avenue
                                  Hartford, CT  06114
                                  (860) 249-1361
                                  (860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail, to the following counsel of record this 9th day of September, 2003.

Jon L. Schoenhorn, Esquire  
Jon L. Schoenhorn & Associates  
97 Oak Street  
Hartford, CT  06106

/s/ John J. Radshaw, III  
Thomas R. Gerarde  
John J. Radshaw, III