**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02 CV 1536 (RNC) |
| v. | : | |
| JAMES RIO, ET AL | : | FEBRUARY 2, 2004 |

FILED
2004 FEB -2  P 3: 46
U.S. DISTRICT COURT
HARTFORD, CT.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF ELIZABETH WALCZYK**

Pursuant to D.Conn.L.R. 7 and 56 and Fed.R.Civ.P. 56, the defendants submit the following memorandum of law in support of their Motion for Summary Judgment as to the claims of Elizabeth Walczyk dated February 2, 2004. The defendants incorporate by reference the Local Rule 56 Statement dated February 2, 2004.

**I.   STATEMENT OF FACTS.**

**A.   BACKGROUND.**

The defendants incorporate by reference the Local Rule 56 Statement and the Statement of Facts section of their memorandum of law in support of their Motion for Summary Judgment as to Thomas Walczyk. Familiarity with that discussion is assumed.

Elizabeth Walczyk is the mother of Thomas Walczyk. At the time of her son's arrest, she resided at 27 Tunxis Street with her husband, Lucian. Lucian, having deceased on July 12, 2001, is not a plaintiff in this action. Furthermore, the firearms seized from 27 Tunxis Street on September 7, 1999 were the exclusive property of Lucian, not Elizabeth. Elizabeth does not claim that she had a property interest in these firearms on September 7, 1999. She admits not taking any steps until August or September 2002 to seek the return of the firearms. As soon as the Farmington Police Department received an order from the state court, the firearms were returned.

The sole cognizable complaint by Elizabeth Walczyk is the execution of the search warrant at her home.

### B. ELIZABETH'S CLAIMS.

The plaintiffs' kitchen sink approach to pleadings leaves little clear about which claims apply to which plaintiffs. In an effort to eliminate redundant discussions, it is important to understand which claims apply to whom. We addressed the claims in turn, beginning with the federal constitutional claims.

#### 1. **Federal Constitutional Claims.**

The plaintiffs' counsel withdrew the First Amendment claims. No further discussion of the First Amendment claims as to Elizabeth is necessary.

With regard to the Second Amendment, these claims do not apply to Elizabeth. She did not own any firearms on the day in question. With regard to the Fourth Amendment, no property of hers was seized, nothing was damaged and she was free to leave at any time. With regard to the Eighth Amendment, it does not apply to Elizabeth. She was not arrested, charged, or taken into custody. Accordingly, this does not apply.

With regard to the Fourteenth Amendment claim based on procedural due process, Elizabeth did not own any property which was seized or were due any process. Similarly, to the extent that their Fourteenth Amendment due process claims mirror their Fourth Amendment claims, such claims are subsumed in the Fourth Amendment.

#### 2. **State Constitutional Claims.**

Turning to the state constitutional claims, the defendants observe that, as a matter of law, the existence of a remedy for the plaintiffs' claims is sufficient to bar a state constitutional cause of action. On that basis alone, the plaintiffs' state constitutional claims fail. Because the state constitutional claims arise from the same facts as the federal constitutional claims, the state constitutional claims fail for similar reasons.

Elizabeth Walczyk did not speak on any subject or sought the redress of any grievances. Therefore, assuming these rights are even actionable under our State Constitution, Elizabeth Walczyk has not alleged any facts which could possibly support a finding that such rights under Article First, Sections 4, 5, and 14 were violated.

The plaintiffs' claims as to Article First, Section 7, are misplaced. Similarly, Elizabeth was not arrested on the day in question. Neither was taken into custody or detained. She was free to leave the Tunxis Street residence. Therefore, assuming these rights are even actionable under our State Constitution, Elizabeth Walczyk has not alleged any facts which could possibly support a finding that such rights under Article First, Section 9 was violated.

Moreover, Elizabeth Walczyk did not own or possess any firearms on the day in question. Therefore, assuming these rights are even actionable under our State Constitution, Elizabeth has not alleged any facts which could possibly support a finding that such rights under Article First, Section 15 was violated.

### 3. Other Claims.

While the plaintiff appears to claim emotional distress, no state law torts are pleaded which sound in the negligent or intentional infliction of emotional distress.

The sole cognizable complaint by Elizabeth Walczyk is the execution of the search warrant at her home, allegedly in violation of the Fourth Amendment.

### C. PRESENT ACTION

As plaintiff, Elizabeth Walczyk, with her co-plaintiffs, Thomas Walczyk, Maximina Walczyk and Michelle Walczyk, has brought a two count complaint claiming his federal and state constitutional rights were violated. She has identified the following Farmington police offices as defendants: Captain James V. Rio, Detective Brian Killiany, Sergeant James Jepsen, Sergeant William Tyler Corporal Angela Deschenes, and Officer Shawn Brown. The officers are sued in their individual capacities only. There is no claim based on Monell v. Dept. of Soc. Servs., 436 US 658 (1978), but the plaintiffs seek to impose supervisory liability upon Captain Rio.

The defendants now move for summary judgment on the plaintiff's entire Amended Complaint dated April 7, 2003.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

Federal Rules of Civil Procedure 56(c) requires the entry of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A factual dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A "material fact" is one whose resolution will affect the ultimate determination of the case. Id. In determining whether a material issue of fact exists, the court must resolve all ambiguities and draw all inferences against the moving party. Id. at 255, 106 S.Ct. at 2513; J.F. Feeser, Inc. v. Servi-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Samuels v. Smith, 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256, 106 S.Ct. 1570, 94 L.Ed.2d 763 (1987); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Thus, once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. V. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 25 (1986). "Neither courts nor defendants should be

subjected to trials which can be little more than harassment." Applegate v. Top Associates, Inc., 425 F.2d 92, 96 (2d Cir. 1970).

When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987). Where evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. See First National Bank of Clinton, Ill. v. Insurance Co. of North America, 606 F.2d 760 (7th Cir. 1979) (in ruling on summary judgment motion, the district court properly relied on documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to litigants from third persons, and hearsay that does not fall under one or more of the exceptions listed in Rules 803-805 of the Federal Rules of Evidence, may not properly be considered. See, Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179 (9th Cir. 1988); Edward B. Marks Music Corp. V. Stasny Music Corp., 1 F.R.D. 720 (S.D.N.Y. 1941).

In determining whether there is a genuine issue as to any material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. See Anderson, 477 U.S. at 255; Gallo, 22 F.3d at 1223; Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989); Project Release v. Prevost, 722 F.2d 960, 968 (2d Cir. 1983). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).).

However, the nonmoving party "may not rest upon mere conclusory allegations or denials." See Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal citations omitted). On a motion for summary judgment, a court cannot try issues of fact; it can only determine whether there are issues to be tried. See Anderson, 477 U.S. at 255; Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d

Cir. 1987). The function of the court at this stage is not to weigh the evidence and determine what is true, but rather to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. *Accord,* Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d. Cir. 1995) (movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim). *See also* Schacht v. Wisconsin Dep't of Corrs., 175 F.3d 497, 503-04 (7th Cir. 1997) (noting summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of act to accept its version of events"); *rev'd on other grounds,* 524 U.S. 381 (1998).

### B. PLAINTIFF LACKS STANDING TO BRING ANY CONSTITUTIONAL CLAIM BASED ON THE DEFENDANTS' CONDUCT.

If the plaintiff's pleadings is not the kitchen sink variety, only one other impression remains – Elizabeth Walczyk is desperately attempting to assert the constitutional rights of her deceased husband, Lucian. However, she lacks standing to make these claims. Lucian is deceased and his estate is not a party to this lawsuit. One of the most important of the jurisdictional doctrines is that of standing. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990). The plaintiff bears the burden of establishing standing. Raines v. Byrd, 521 U.S. 811, 820 (1997)). The elements of standing are as follows:

> First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

United States v. Hays, 515 U.S. 737, 742-43 (1995)).

In its starkest terms, the standing inquiry requires the Court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts. It is well-settled "that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) Dohaish v. Tooley, 670 F.2d 934, 936 (10th Cir. 1982)) ("[T]he § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."); accord, McKelvie v. Cooper, 190 F.3d 58, 64 (2nd Cir. 1999).

Even reading the plaintiff's complaint in a light most favorable to her, Elizabeth Walczyk has done nothing more than assert alleged injuries to her husband's constitutional rights. Elizabeth has no power to assert the rights of her now-deceased husband, Lucian. As a matter of law, she has no standing to assert his rights. The Estate of Lucian Walczyk is not a party to the lawsuit. Elizabeth had no property interest in the firearms at the time they were seized. The firearms were Lucian's at the time of seizure. To the extent that Elizabeth inherited property rights in the firearms, she did not acquire these rights until July 10, 2001 or afterwards. Thus, any claim based on the Second, Fourth or Fourteenth Amendment must fail as a matter of law.

Therefore, summary judgment is appropriate in favor of the defendants.

### C. PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED BASED ON THE SECOND, FOURTH, EIGHTH, OR FOURTEENTH AMENDMENTS.

Not only is Elizabeth unable to assert her deceased husband's rights, none of her own rights, secured to her by the Second, Fourth, Eighth, or Fourteenth Amendments, were violated by the defendants.

With regard to the Second Amendment, these claims do not apply to Elizabeth. She did not own any firearms on the day in question. With regard to the Fourth Amendment, no property of hers was seized, nothing was damaged and she was free to leave at any time. With regard to the Eighth Amendment, it does not apply to Elizabeth. She was not arrested, charged, or taken into custody. With regard to the Fourteenth Amendment claim based on procedural due process, Elizabeth did not own any property which was seized and she was due no process. Similarly, to the extent that their Fourteenth Amendment due process claims mirror their Fourth Amendment claims, such claims are subsumed in the Fourth Amendment.

Accordingly, summary judgment is appropriate on all claims advanced by Elizabeth.

### D.  PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY.

In response to the plaintiff's complaint, the individual defendants have asserted their actions are protected by the doctrine of qualified immunity.

#### 1. Doctrine of Qualified Immunity.

The defendants incorporate by reference their discussion at pages 24 to 29 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

#### 2. Plaintiffs' Claimed Constitutional Rights Are Not Clearly Established.

The defendants incorporate by reference their discussion at pages 29 to 30 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

#### 3. The Actions of the Farmington Police Were Objectively Reasonable.

The defendants incorporate by reference their discussion at pages 30 to 37 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

Given the elimination of any claims related to the now-extinct claims of her deceased husband, Lucian, what rights can Elizabeth possibly claim were violated by the defendants? Elizabeth can only claim that her house was searched and nothing more. Based on that limited claim, the individual officers are entitled to summary judgment based on the doctrine of qualified immunity. As a threshold matter, neither Captain Rio, Corporal Deschenes, nor Officer Brown entered Elizabeth's home. They had no personal involvement with the execution of the search. Sergeant Tyler was present for less than 15 minutes and testified that he did not search anything.

The only defendants who participated in the search, Detective Killiany and Sergeant Jepsen, were present with a valid search warrant signed by a neutral magistrate. As discussed in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004, Elizabeth cannot overcome the presumption of validity because the warrant was signed by a neutral magistrate. *See* Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).

Accordingly, Defendant's motion for summary judgment is granted on this claim.

**G.    THE ALLEGATIONS OF THE PLAINTIFF'S COMPLAINT DO NOT AMOUNT TO A VIOLATION OF THE CONNECTICUT CONSTITUTION, ARTICLE FIRST, SECTIONS 4, 5, 7, 9, 14 AND 15 AS A MATTER OF LAW.**

Elizabeth Walczyk has also claimed that all defendants violated the Connecticut Constitution, Article First, sections 4, 5, 6, 7, 9, 14 and 15. Unfortunately, the plaintiff's state constitutional claims fail as a matter of law. No private right of action for damages exists under Article First, sections 4, 5, 6, 14, and 15. The Supreme Court of the State of Connecticut has only recognized a claim for damages under Article First, Sections 7 and 9. Even then, a claim for damages under Article First, Sections 7 and 9, has only been recognized on a case-by-case basis and where no other remedy exists.

**1.    Claims Arising From The Connecticut Constitution.**

The defendants incorporate by reference their discussion at pages 37 to 40 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

The facts as alleged by Elizabeth Walczyk, when examined by the court's multi-factor analysis, do not rise to the level of conduct found violative of the state constitution in <u>Binette</u>. Consider the events here: Farmington police officers investigated what they thought to be a crime. They applied for warrants which were later signed by a neutral magistrate. When executing the warrants, the officers took steps to minimize disruption to everyone involved and took steps to insure the safety of all involved. There is no allegation or evidence of the use of force or threats. From that point, the state criminal justice system took its course. Even reading the plaintiff's complaint generously, there are no allegations, nor is there any evidence that rise to the level of the facts of <u>Binette</u>. This is nothing like the defendants in Binette, who entered the plaintiffs' home without permission or a warrant, threatened the wife with arrest and imprisonment and pushed her into a wall and over a table. The distinguishing characteristics of <u>Binette</u>, physical force, violence and death threats, have no analog in the facts of the present case.

Accordingly, this Court should carefully consider the direction of the Connecticut Supreme Court in <u>Binette</u>. The Connecticut Supreme Court did not purport to announce an overarching universal principle. <u>Binette v. Sabo</u>, 244 Conn. at 47. The Court expressly cautioned that the availability of access to a separate tort action under <u>Binette</u> should be analyzed on a case-by-case basis only, a caution duly repeated. Therefore, summary judgment should enter in favor of the defendants on the state constitutional claims as a matter of law.

**2.    The Individual Officers Are Protected by Qualified Immunity.**

The defendants incorporate by reference their discussion at pages 40 to 41 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

The defendants incorporate their argument set forth in Section II.F. Accordingly, as the officers were acting in an objectively reasonable manner, they are protected from state constitutional liability as a matter of law. Summary judgment is appropriate on the plaintiff's state constitutional claims.

### H. ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE STATE LAW CLAIMS.

In addition and the alternative, this Court, having decided that the plaintiff has failed to state valid federal claims or that defendants are protected by qualified immunity and/or granted summary judgment on all federal claims, should decline to exercise jurisdiction over the pendant state law claims, including the state constitutional claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well."); Lennon v. Miller, 66 F.3d 416, 426 (2d Cir. 1995) (same).

Accordingly, the Court should decline to extend its jurisdiction over the claims based on the Connecticut Constitution.

### III. CONCLUSION.

For the reasons set forth above, the defendants, JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN pray that their motion for summary judgment is granted as to the claims of Elizabeth Walczyk.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN

/s/ John J. Radshaw, III
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 2nd day of February 2004.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT 06106

/s/ John J. Radshaw, III
John J. Radshaw, III