**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02 CV 1536 (RNC) |
| v. | : | |
| JAMES RIO, ET AL | : | FEBRUARY 2, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIMS OF MAXIMINA AND MICHELLE WALCZYK**

Pursuant to D.Conn.L.R. 7 and 56 and Fed.R.Civ.P. 56, the defendants submit the following memorandum of law in support of their Motion for Summary Judgment as to the claims of Maximina and Michelle Walczyk dated February 2, 2004. The defendants incorporate by reference the Local Rule 56 Statement dated February 2, 2004.

I.   **STATEMENT OF FACTS.**

A.   **BACKGROUND.**

The defendants incorporate by reference the Local Rule 56 Statement and the Statement of Facts section of their memorandum of law in support of their Motion for Summary Judgment as to Thomas Walczyk. Familiarity with that discussion is assumed.

On the day in question, Maximina observed that a police officer in uniform approached her while she was taking out her garbage. Following a brief discussion with the officer, she sat in kitchen where one officer stayed next to her. Maximina complained that her daughter, Michelle, was sick and that the search would upset Michelle. Maximina testified that the officer suggested that she take Michele somewhere, not her mother-in-law's, because they were searching for firearms at that location. Maximina took Michelle across the street to the neighbors.

Thereafter and still upset, Maximina stayed at the house and an officer followed her around. She testified that she was upset because an officer was videotaping her house. She testified that she got very upset, stood outside in the rain, then drove her car to the end of the block and sat in the car and cried.

Nothing else was damaged. Nothing of hers was taken.

At some point, Maximina believes Thomas called her to get bailed out of jail. She does not recall what happened thereafter other than picking up Elizabeth and driving to the Farmington Police Department. She does not know any of the particulars as to Thomas's charges or his bail.

Michelle was present when the search warrant was executed at 28 Tunxis Street. Michelle and her mother, Maximina, were the only members of the Walczyk family that were present. She was taken across the street to a neighbor's house while the police officers conducted their search. She could not recall the specifics of the event other than the reason for her presence at the home was she was home sick from school. She recalls little else. Michelle has no ownership or property interest in the house. While her room was searched, nothing of hers was damaged. Similarly, no property of hers was seized.

### B.     MICHELLE AND MAXIMINA'S CLAIMS.

The plaintiffs' kitchen sink approach to pleadings leaves little clear about which claims apply to which plaintiffs. In an effort to eliminate redundant discussions, it is important to understand which claims apply to whom. We addressed the claims in turn, beginning with the federal constitutional claims.

#### 1.     **Federal Constitutional Claims.**

The plaintiffs' counsel withdrew the First Amendment claims. No further discussion of the First Amendment claims as to Michelle or Maximina is necessary.

With regard to the Second Amendment, it does not apply. Neither owned any firearms. With regard to the Fourth Amendment, neither was seized, neither had any property seized and both were free to leave. With regard to the Eighth Amendment, it does not apply. Neither was arrested. With regard to the Fourteenth Amendment claim based on procedural due process, neither Michelle nor Maximina owed any property which was seized or were due any process. Similarly, to the extent that their Fourteenth Amendment due process claims mirror their Fourth Amendment claims, such claims are subsumed in the Fourth Amendment.

### 2. State Constitutional Claims.

Turning to the state constitutional claims, the defendants observe that, as a matter of law, the existence of a remedy for the plaintiffs' claims is sufficient to bar a state constitutional cause of action. On that basis alone, the plaintiffs' state constitutional claims fail. Because the state constitutional claims arise from the same facts as the federal constitutional claims, the state constitutional claims fail for similar reasons.

Neither Michelle nor Maximina Walczyk spoke on any subject or sought the redress of any grievances. Therefore, assuming these rights are even actionable under our State Constitution, neither Michelle nor Maximina have alleged any facts which could possibly support a finding that such rights under Article First, Sections 4, 5, and 14 were violated.

The plaintiffs' claims as to Article First, Section 7, are misplaced. Similarly, neither Michelle nor Maximina were arrested on the day in question. Neither was taken into custody or detained. Both were free to leave the Tunxis Street residence. In fact, both did freely leave the resident. Therefore, assuming these rights are even actionable under our State Constitution, neither Michelle nor Maximina have alleged any facts which could possibly support a finding that such rights under Article First, Section 9 was violated.

Moreover, neither Michelle nor Maximina owed or possessed any firearms on the day in question. Therefore, assuming these rights are even actionable under our State Constitution, neither Michelle nor Maximina have alleged any facts which could possibly support a finding that such rights under Article First, Section 15 was violated.

### 3. Other Claims.

While the plaintiffs' appear to claim emotional distress, no state law torts are pleaded which sound in the negligent or intentional infliction of emotional distress.

### C. PRESENT ACTION

As plaintiff, Thomas Walczyk, with his co-plaintiffs, Elizabeth Walczyk, Maximina

Walczyk and Michelle Walczyk, has brought a two count complaint claiming his federal and state constitutional rights were violated.

The plaintiffs have identified the following Farmington police offices as defendants: Captain James V. Rio, Detective Brian Killiany, Sergeant James Jepsen, Sergeant William Tyler Corporal Angela Deschenes, and Officer Shawn Brown. The officers are sued in their individual capacities only. There is no claim based on Monell v. Dept. of Soc. Servs., 438 US 783 (1978), but the plaintiffs seek to impose supervisory liability upon Captain Rio.

Without much specification, the plaintiffs claim that all of the defendants violated their First, Second, Fourth, Eighth and Fourteenth Amendment Rights. Plaintiff's counsel has agreed to withdraw the First Amendment claims on behalf of all plaintiffs.

The defendants now move for summary judgment on the plaintiff's entire Amended Complaint dated April 7, 2003.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

Federal Rules of Civil Procedure 56(c) requires the entry of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A factual dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A "material fact" is one whose resolution will affect the ultimate determination of the case. Id. In determining whether a material issue of fact exists, the court must resolve all ambiguities and draw all inferences against the moving party. Id. at 255, 106 S.Ct. at 2513; J.F. Feeser, Inc. v. Servi-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). However, "the mere existence of some alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Samuels v. Smith, 839 F.Supp. 959, 962 (D.Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256, 106 S.Ct. 1570, 94 L.Ed.2d 763 (1987); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980). Thus, once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. V. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 25 (1986). "Neither courts nor defendants should be subjected to trials which can be little more than harassment." Applegate v. Top Associates, Inc., 425 F.2d 92, 96 (2d Cir. 1970).

When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987). Where evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. See First National Bank of Clinton, Ill. v. Insurance Co. of North America, 606 F.2d 760 (7th Cir. 1979) (in ruling on summary judgment motion, the district court properly relied on documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to litigants from third persons, and hearsay that does not fall under one or more of the exceptions listed in Rules 803-805 of the Federal Rules of Evidence, may not properly be considered. See, Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Beyene v. Coleman Security Services, Inc., 854 F.2d 1179 (9th Cir. 1988); Edward B. Marks Music Corp. V. Stasny Music Corp., 1 F.R.D. 720 (S.D.N.Y. 1941).

In determining whether there is a genuine issue as to any material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. *See* Anderson, 477 U.S. at 255; Gallo, 22 F.3d at 1223; Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir. 1989); Project Release v. Prevost, 722 F.2d 960, 968 (2d Cir. 1983). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).).

However, the nonmoving party "may not rest upon mere conclusory allegations or denials." *See* Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal citations omitted). On a motion for summary judgment, a court cannot try issues of fact; it can only determine whether there are issues to be tried. *See* Anderson, 477 U.S. at 255; Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). The function of the court at this stage is not to weigh the evidence and determine what is true, but rather to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. *Accord,* Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d. Cir. 1995) (movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim). *See also* Schacht v. Wisconsin Dep't of Corrs., 175 F.3d 497, 503-04 (7th Cir. 1997) (noting summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of act to accept its version of events"); *rev'd on other grounds*, 524 U.S. 381 (1998).

### B. PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED BASED ON THE SECOND, FOURTH, EIGHTH, OR FOURTEENTH AMENDMENTS.

The plaintiffs' complaint is disposed of quickly: With regard to the Second Amendment, it does not apply. Neither Michelle nor Maximina owned any firearms that were seized. Neither is in the military service. The defendants incorporate by reference their discussion of the Second Amendment at pages 21 to 22 of their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk. With regard to the Fourth Amendment, neither was seized, neither had any property seized and both were free to leave. "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.) (Friendly, J.), *cert. denied*, 414 U.S. 1033 (1973). The warrant was issued by a neutral magistrate; that presumption immunizes the defendants conduct during the search. *See* Golino v. City of New Haven, 950 F.26 864, 870 (2d Cir. 1991). With regard to the Eighth Amendment, it does not apply. Neither was arrested. With regard to the Fourteenth Amendment claim based on procedural due process, neither Michelle nor Maximina owed any property which was seized or were due any process. Similarly, to the extent that their Fourteenth Amendment due process claims mirror their Fourth Amendment claims, such claims are subsumed in the Fourth Amendment.

### C. PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY.

In response to the plaintiff's complaint, the individual defendants have asserted their actions are protected by the doctrine of qualified immunity.

#### 1. Doctrine of Qualified Immunity.

The defendants incorporate by reference their discussion at pages 24 to 29 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

### 2. Plaintiffs' Claimed Constitutional Rights Are Not Clearly Established.

The defendants incorporate by reference their discussion at pages 29 to 30 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

### 3. The Actions of the Farmington Police Were Objectively Reasonable.

The defendants incorporate by reference their discussion at pages 30 to 37 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004. In addition, the defendants submit that both Michelle and Maximina were free to leave – which they did. They themselves were not seized. Nothing was damaged. Nothing belonging to either Michelle or Maximina was seized. The officers were present for the duration of the search and no longer.

## D. PLAINTIFFS FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED BASED ON THE CONNECTICUT CONSTITUTION.

Maximina and Michelle Walczyk have also claimed that all defendants violated the Connecticut Constitution, Article First, sections 4, 5, 6, 7, 9, 14 and 15. Unfortunately, the plaintiff's state constitutional claims fail as a matter of law. No private right of action for damages exists under Article First, sections 4, 5, 6, 14, and 15. The Supreme Court of the State of Connecticut has only recognized a claim for damages under Article First, Sections 7 and 9. Even then, a claim for damages under Article First, Sections 7 and 9, has only been recognized on a case-by-case basis and where no other remedy exists.

### 1. Claims Arising From The Connecticut Constitution.

The defendants incorporate by reference their discussion at pages 37 to 40 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

The facts as alleged by Maximina and Michelle Walczyk, when examined by the court's multi-factor analysis, do not rise to the level of conduct found violative of the state constitution in <u>Binette</u>. Consider the events here: Farmington police officers investigated what they thought to be a crime. They applied for warrants which were later signed by a neutral magistrate. When executing the warrants, the officers took steps to minimize disruption to everyone involved and took steps to insure the safety of all involved. There is no allegation or evidence of the use of force or threats. From that point, the state criminal justice system took its course. Even reading the plaintiff's complaint generously, there are no allegations, nor is there any evidence that rise to the level of the facts of <u>Binette</u>. This is nothing like the defendants in Binette, who entered the plaintiffs' home without permission or a warrant, threatened the wife with arrest and imprisonment and pushed her into a wall and over a table. The distinguishing characteristics of <u>Binette</u>, physical force, violence and death threats, have no analog in the facts of the present case.

Neither Michelle nor Maximina Walczyk spoke on any subject or sought the redress of any grievances. Therefore, assuming these rights are even actionable under our State Constitution, neither Michelle nor Maximina have alleged any facts which could possibly support a finding that such rights under Article First, Sections 4, 5, and 14 were violated. Similarly, neither Michelle nor Maximina were arrested on the day in question. Neither was taken into custody or detained. Both were free to leave the Tunxis Street residence. In fact, both did freely leave the resident. Therefore, assuming these rights are even actionable under our State Constitution, neither Michele nor Maximina have alleged any facts which could possibly support a finding that such rights under Article First, Section 9 was violated.

Moreover, neither Michelle nor Maximina owed or possessed any firearms on the day in question. Therefore, assuming these rights are even actionable under our State Constitution, neither Michelle nor Maximina have alleged any facts which could possibly support a finding that such rights under Article First, Section 15 was violated.

Accordingly, this Court should carefully consider the direction of the Connecticut Supreme Court in Binette. The Connecticut Supreme Court did not purport to announce an overarching universal principle. Binette v. Sabo, 244 Conn. at 47. The Court expressly cautioned that the availability of access to a separate tort action under Binette should be analyzed on a case-by-case basis only, a caution duly repeated. Therefore, summary judgment should enter in favor of the defendants on the state constitutional claims as a matter of law.

### 2. The Individual Officers Are Protected by Qualified Immunity.

The defendants incorporate by reference their discussion at pages 40 to 41 in their Memorandum of Law in support of their Motion for Summary Judgment as to the claims of Thomas Walczyk dated February 2, 2004.

The defendants incorporate their argument set forth in Section II.F. Accordingly, as the officers were acting in an objectively reasonable manner, they are protected from state constitutional liability as a matter of law. Summary judgment is appropriate on the plaintiff's state constitutional claims.

### E. ALTERNATIVELY, THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE STATE LAW CLAIMS.

In addition and the alternative, this Court, having decided that the plaintiff has failed to state valid federal claims or that defendants are protected by qualified immunity and/or granted summary judgment on all federal claims, should decline to exercise jurisdiction over the pendant state law claims, including the state constitutional claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well."); Lennon v. Miller, 66 F.3d 416, 426 (2d Cir. 1995) (same).

Accordingly, the Court should decline to extend its jurisdiction over the claims based on the Connecticut Constitution.

### III. **CONCLUSION.**

For the reasons set forth above, the defendants, JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN pray that their motion for summary judgment is granted as to the claims of Maximina and Michelle Walczyk.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES and SHAWN BROWN

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)

### **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 2nd day of February 2004.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT 06106

/s/ John J. Radshaw, III
John J. Radshaw, III