UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ELIZABETH WALCZYK, MAXIMINA WALCZYK, individually and as P.P.A. for MICHELLE WALCZYK, a minor child, | : : : : : | CIVIL ACTION NO. 3:02CV1537 (RNC) |
| Plaintiffs | : : | |
| v. | : : | |
| JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN, | : : : : | |
| Defendants | | MARCH 10, 2004 |

## PLAINTIFF S LOCAL RULE 56(a)2 STATEMENT

Pursuant to Rule 56(a)2 of the Local Rules of Civil Procedure, the Plaintiffs file this response to the Defendants statement of facts in support of their Motion for Summary Judgment.

1. Admitted.

2. Admitted in part. Although Thomas Walczyk s claim was adjudicated adversely to him, his parents had their own successful claim resulting in a stipulated joint agreement with Barberino Realty and Development Corporation giving them certain rights to the property. (Plaintiffs Exhibit A, pp. 49; Defendants Exhibit D, pp. 18.)

3. Admitted. However, this is not relevant since plaintiff Elizabeth Walczyk clearly had her own rights under the settlement agreement. See response to paragraph #2.

4. Admitted. However, see response to paragraph #2.

5. Admitted in part. The plaintiffs deny that Thomas Walczyk had any residence at 27 Tunxis Street after 1992. Thomas lived at 27R Tunxis Street a distinct building over the garage and a separate residence from 27 Tunxis Street. (Plaintiffs Exhibit A, pp. 6, 16.)

6. Denied. Lucian died on July 11, 2001. (Plaintiffs Exhibit J, pp. 28.)

7. Admitted. However, this fact is irrelevant and plays no part in the summary judgment analysis.

      8.     Denied.  Thomas Walczyk was falsely charged by the Farmington Police. Thomas Walczyk admits only that he pleaded no contest to creating a public disturbance, an infraction, to an incident that occurred in 1988.  Furthermore, the defendants did not reference any of these alleged  facts  in the warrants and therefore they are irrelevant and can play no role in the summary judgment analysis.   (Plaintiffs  Exhibit A, pp.40-3.)

      9.     Admitted. Although the original  charges  are irrelevant. See response to paragraph #8.

      10.    Denied.  See response to #8.  See plaintiffs  Motion to Strike dated February 20, 2004.  Pursuant to Conn. Gen. Stat. §54-142a(c) and Conn. Gen. Stat. § 54-142c it is illegal for the defendants --or their counsel-- to have obtained these erased records, and thus, a violation of law  to reference or attach the documents (Exhibit K) in support of their motion for summary judgment.  Therefore, Exhibit K, and any reference to it, can play no part in the summary judgment analysis.

      11.    Denied.  See response to paragraph #10 and plaintiffs  Motion to Strike dated February, 20 2004.

      12.    Admitted in part. Thomas Walczyk was charged with these offenses, but denies that there was probable cause to do so.  Consequently, Thomas Walczyk entered into a plea agreement with the State s Attorney and plead guilty to the breach of peace infraction resulting in a nominal fine. (Defendants  Exhibit A, pp. 56.)

      13.    Admitted in part.  The original charges are irrelevant and can play no part in the summary judgment Analysis.  See response to paragraph #12.

      14.    Denied.  Thomas Walczyk admits only that his brother called the police and made a statement.  However, there was no probable cause to take further action.  This alleged  fact  is irrelevant and can play no part in the summary judgment analysis.

      15.    Admitted.

      16.    The plaintiffs admit that Thomas Walczyk called the police and that Officer Hebert was dispatched in response to his complaint.  However, in response to Officer Hebert s inaction Thomas Walczyk remarked that  trespass laws were enacted to avoid bloodshed and that the police were not taking the action needed to avoid a bloodbath.   (Plaintiffs  Exhibit B, Amended Complaint and Answer ¶13).

      17.    Denied in part.  It is true that Captain Rio directed Sgt. Tyler to prepare the arrest and search warrants however, Captain Rio did, in fact, participate in other aspects. Rio spoke to the

     18     Admitted.

     19.     Denied.  The plaintiffs have no knowledge of what Captain Rio told to State s Attorney O Reilly and whether or not such information was accurate or false.  Anything claimed to be said by Attorney O Reilly is hearsay and not admissible as fact as such can play no part in the summary judgment analysis.

     20.     Denied.  Rio claims from  being an officer in town  that Walczyk had displayed firearms to others, this does not indicate that Rio had personal knowledge of such occurrences.  Any hearsay statements relied upon by Rio can not form a basis for fact.

     21.     Denied.  Rio has no personal knowledge of this conversation and therefore this hearsay is inadmissable.  Also, Jepsen has no personal knowledge of this conversation thus his statement is also inadmissable hearsay.  Had anyone actually told the full truth to Assistant State s Attorney Brodsky, it is apparent that no opinion on any further seizures would have been given.

     22.     Admitted in part.  Rio did in fact participate in the preparation for the search.  (Defendants  Exhibit E, pp. 10-12.)

     23.     Admitted.

     24.     Denied.  The defendants have failed to produce any material to support these allegations.

     25.     Admitted.

     26.     Admitted.

     27.     Admitted.

     28.     Denied in part.  Deschanes had hearsay information from  word of mouth  about  problems  with Thomas Walczyk in the past but not including the information contained in Herbert s report. (Defendants  Exhibit G, pp. 16 and 17.)

     29.     Admitted.

     30.     Denied.  Brown reasonablely relied on false and misleading half-truths from fellow officers.  There is nothing reasonable about this, in fact, Brown himself admitted that if he had been given the full information, such as the fact that Thomas Walczyk had not lived at his parents house since at least 1992, he would have deemed this material and included it in the warrant application. (Plaintiffs  Exhibit M, pp. 40 and 41.)

31.   Admitted in part. The plaintiff denies the implication that Thomas Walczyk has any past history of violence.

32.   Admitted.

33.   This paragraph is unintelligible and cannot be admitted or denied.

34.   Denied. Royce was unsure about who made the suggestion. (Defendants Exhibit S, pp. 27.)

35.   Admitted in part. Some of the officers were not dressed in their police uniforms. (Plaintiffs Exhibit J, pp. 65.) Some of the officers came to the back door of Elizabeth Walczyk s home. (Plaintiffs Exhibit J, pp. 31.)

36.   Denied. Royce claimed he did not hear anyone express malice or ill-will towards Thomas Walczyk because he owned a gun collection. (Defendants Exhibit S, pp. 50.)

37.   Admitted. However, this fact is irrelevant and can play not part in the summary judgment analysis.

38.   Admitted.

39.   Admitted.

40.   Denied. Page 151 of Thomas Walczyk s deposition, cited here by the defendants, is not a part of defendants Exhibit A. In the pages cited by the defendants, there is no statements to support these alleged facts.

41.   Admitted.

42.   Admitted.

43.   Admitted in part. Maximina wanted to take her sick child to her grandmother s house, at 27 Tunxis Street, however was prohibited from doing so. (Plaintiffs Exhibit Q, pp. 29.)

44.   Admitted in part. Maximina states in her deposition that things were disturbed and that the items in the basement freezer were wrecked. (Defendants Exhibit B, pp. 53 and 59-60.)

45.   Denied in part. Lucian and Elizabeth Walczyk only surrendered the firearms to the police after they threatened to ransack the house look for them if they did not turn them over. (Defendants Exhibit D, pp. 34-35.)

46. Admitted in part. Threatening to ransack Elizabeth and Lucian s home through an illegal and intrusive search would certainly constitute be rude.

47. Admitted.

48. Denied in part. The defendants cite pages that they have not made a part of the record.

49. Admitted.

50. Denied. The firearms were property of both Elizabeth and Lucian, as joint property, just like any other property owned by a married couple. Surely, if it was Elizabeth s jewelry that was seized no one would claim that Lucian has no interest in it.

51. Denied. Elizabeth and Lucian consulted with two different lawyers about getting their firearms back. Defendants  Exhibit D, pp. 55.)

52. Denied. Elizabeth and Lucian consulted with two different lawyers about getting their firearms back. (Defendants  Exhibit D, pp. 55.)

        THE PLAINTIFFS,

By: _____
    Jon L. Schoenhorn  ct00119
    Jon L. Schoenhorn & Associates
    97 Oak Street, Hartford, CT 06106
    Tel. (860) 278-3500

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid, to the following counsel of record, this ___ day of March 2004:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel. (860) 249-1361

_____
    Jon L. Schoenhorn