*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A constitutional right is "clearly established" if "[t]he contours of the rights [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 35, 540 (1987); *In re State Police Litigation*, 88 F.3d 111, 123 (2nd Cir. 1996) ("that reasonable persons in their position would not have understood that their conduct was within the scope of the established prohibition").

The Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201 (2001) states:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). In the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a right is clearly established. This is the process for the law's elaboration from case to case, and it is one reason for our insisting upon turning to the existence or nonexistence of a constitutional right as the first inquiry. The law might be deprived of this explanation were a court simply to skip ahead to the question whether the law clearly established that the officer's conduct was unlawful in the circumstances of the case.

The Supreme Court in *Saucier* held that the aforementioned analysis is not simply recommended but required. The final step of the qualified immunity analysis requires this court to determine if the constitutional right at issue is "sufficiently clear [so] that a reasonable official would understand that what he [did] violates that right." *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2nd Cir. 1998) (*quoting Anderson* at 640.).

### A. Defendants clearly violated plaintiffs rights.

As the plaintiffs argued in their cross-motion for summary judgment, the Supreme

15

Court has made clear that police officers can not rely on the fact that a magistrate signed the warrants, as proof that applying for the warrants was per se reasonable. To the contrary, the proper inquiry is "whether a reasonably well-trained officer in [the defendants'] position would have known that [the] affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986).

In dealing with probable cause, courts deal with probabilities. "These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175 (1949) In order to establish probable cause, it is not necessary to produce a quantum of evidence necessary to convict. Draper v. United States, 358 U.S. 307, 311 (1959). However, the defendants would still have to set out facts to demonstrate that the crime alleged – in this case threatening in violation of Conn. Gen. Stat. § 53a-62 – was committed. As even the Appellate Court concluded, there was no basis for the issuance of the arrest warrant.

The fourth amendment " 'protects the privacy and security of persons in two important ways. First, it guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. " In addition, this Court has interpreted the amendment to include the requirement that normally searches of private property be performed pursuant to a search warrant issued in compliance with the warrant clause. See, e. g., *Mincey v. Arizona*, 437 U.S. 385, 390 1978); *United States v. Chadwick*, 433 U.S. 1, 9 (1977); *United States v. United States*

16

*District Court,* 407 U.S. 297, 317 (1972); *Katz v. United States,* 389 U.S. 347, 357 (1967); *Agnello v. United States,* 269 U.S. 20, 33 (1925). In the ordinary case, therefore, a search of private property must be both reasonable and performed pursuant to a properly issued search warrant. *Arkansas v. Sanders,* 442 U.S. 753, 757-58 (1979); *Coolidge v. New Hampshire,* 403 U.S. 443, 481, cert. denied, 404 U.S. 874(1971); *Trupiano v. United States,* 334 U.S. 699, 705(1948); *Johnson v. United States,* 333 U.S. 10, 14 (1948).

Purely conclusory affidavits by the affiant that he or she believes that probable cause exists, however, cannot be relied upon; the underlying circumstances upon which that belief is based must be detailed in the affidavit. *Aguilar v. Texas,* 378 U.S. 108, 109(1964); *Nathanson v. United States,* 290 U.S. 41, 54 (1933). "The issuing authority must determine for himself the persuasiveness of the facts relied on to show probable cause. *Aguilar, supra,* 378 U.S. at 114.

Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction; 1 LaFave, Search and Seizure: A Treatise on the Fourth Amendment (1978) §§ 3.1(b) and 3.7; *cf. Warden v. Hayden,* 387 U.S. 294(1967) ("mere" evidentiary materials may be validly seized as well as instrumentalities, prints, weapons, and contraband); and (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched. *Carroll v. United States,* 267 U.S. 132, 158 (1925); 1 LaFave, Search and Seizure, supra, §§ 3.1(b) and 3.7; comment, Search and Seizure in the Supreme Court: Shadows on the Fourth Amendment, 28

U.Chi.L.Rev. 664, 687 (1961).

"A section 1983 plaintiff challenging a warrant [based on reckless disregard for the truth] must make the same showing that is required at a suppression hearing under *Franks v. Delaware, supra,* 438 U.S. 154, the plaintiff must show that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause." *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994), *citing Golino*, 950 F.2d at 870-71; *Franks*, 438 U.S. at 171-72. See also *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991); *Magnotti v. Kuntz*, 918 F.2d 364, 367-68 (2d Cir. 1990); *United States v. Orozco-Prada*, 732 F.2d 1076, 1089 (2d Cir.), *cert. denied*, 469 U.S. 845, 105 S. Ct. 154, 83 L. Ed. 2d 92 (1984); *United States v. Barnes*, 604 F.2d 121, 151-53 (2d Cir. 1979), *cert. denied*, 446 U.S. 907, 100 S. Ct. 1833, 64 L. Ed. 2d 260 (1980); *United States v. Campino*, 890 F.2d 588, 592 (2d Cir. 1989), *cert. denied*, 494 U.S. 1068, 108 L. Ed. 2d 788, 110 S. Ct. 1787 (1990). The plaintiff must also demonstrate that the judge would not have issued the warrant on the basis of 'corrected affidavits.'" *Velardi v. Walsh*, 40 F.3d 569, 574 (2d Cir. 1994). Finally, a plaintiff may prevail in this type of action if "a reasonably well-trained officer in [the defendants'] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 344 (1986). This is to avoid "the unnecessary danger of an unlawful arrest." *Id.* at 345.

In the instant case, the police defendants recklessly omitted several material facts that would have been entirely relevant in order for the issuing magistrate to make a proper and objective finding with regard to probable cause. First, the defendants omitted the fact that Thomas Walczyk had not lived at 27 Tunxis Street for at least seven years prior to the search. Second, the defendants admit that they failed to investigate or include the dispositions or outcomes of any of the allegations of prior misconduct contained in the arrest and search warrants. (Exhibit L, pp. 30-32; Exhibit M, pp. 14-17). Third, and perhaps most egregious, is the fact that the warrant failed to mention that no one spoke to the investigating officer, David Hebert, regarding any facts, inferences, context or conclusions based on his first-hand interaction with Thomas Walczyk and what Mr. Walczyk actually said. For further analysis see Plaintiffs' Motion for Summary Judgment Section II C entitled "The Search and Arrest Warrants were Obtained by the Inclusion of Half-Truths and by Deliberately Omitting Information and in Reckless Disregard of the Truth" (p. 18-21)

### B.     The rights at Issue were clearly established.

By its terms, 42 U.S.C. Section 1983 "creates a species of tort liability that, on its face, admits of no immunities." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976). Its language is absolute and unqualified; no mention is made of any privileges, immunities, or defenses that may be asserted. *Owen v. City of Independence,* 445 U.S. 622, 635, (1980). Nevertheless, the courts have come to recognize a qualified immunity that protects government officials from civil liability insofar as their conduct does not violate constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,*

457 U.S. 800, 818 (1982). The operation of the "clearly established" standard depends substantially upon the level of generality at which the relevant "legal rule" is to be identified. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

The Fourth Amendment to United States Constitution provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." With regard to the aforementioned constitutional right the question is whether the right is clearly established, not whether various courts agree upon an exception to that right or an excuse for law enforcement to ignore it. Given that the rights at issue are clearly stated in the Constitution's text, no reasonable officer could believe that a warrant that did not comply with these requirements was valid. Clearly the police defendants, in this action, should have known that any warrant they wished to serve must describe with particularity the places to be searched and the thing to be seized, supported by sworn statements of fact. The plain language of the Fourth Amendment has demanded this since its ratification.

### C.    A reasonable officer would understand that the actions of the defendants violated clearly established constitutional rights.

The plaintiffs' incorporate by reference Section II "Thomas Walczyk is Entitled to Judgment as a Matter of Law on his Claims of Illegal Search and Seizure, Unlawful Arrest, and Excessive Bail" of their Memorandum of Law in Support of Their Motion to Dismiss.

20

The Second Circuit held that in order to grant immunity to the defendants the court must "find that no reasonable jury could fail to conclude that it was reasonable for the defendants to believe that their conduct would not have violated the plaintiff's rights." *LaBounty* at 74 (internal quotation marks omitted). The facts in this case demonstrate that the defendants should have known full well that their actions violated the plaintiffs' rights. As trained police officers, it was not objectively reasonable for the defendants to believe that their actions, in light of the inherent unreliability of their information, did not violate the plaintiff's rights. Under the totality of the circumstances, it was objectively reasonable for the defendants to believe their actions violated the plaintiff's rights. *Procunier v. Navarette*, 434 U.S. 555, 562 (where a search is deemed improper, an official is entitled to qualified immunity only where he proceeded in good faith). Accordingly, their claim for the defense of qualified motion immunity should be denied since the actions of the police defendants, as set forth in the plaintiffs' motion for summary judgment, were not that of an objectively reasonable officer.

As alleged above, and in the plaintiffs' motion for summary judgment on pages 18 through 21, both the search and arrest warrant were obtained by the objectively unreasonable inclusion of half-truths and the deliberate omission of material facts with reckless disregard for the truth. The police defendants unreasonably violated longstanding established principles of constitutional law, in that they failed to limit their power to search by stating with particularity the items to be seized and the place to be searched. Indeed, in *United States v. Leon*, 468, U.S. 897, 923 (1984), the Court held that a warrant "may be so

21

facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." Clearly the use of one word, "firearms", by the defendants in the search warrant cannot comply with the particularity requirement of the Fourth Amendment. For further analysis see the plaintiffs' motion for summary judgment section II B entitled, "The Search Warrant Failed to State with Particularity the Place to Be Searched and the Officers Exceeded the Scope of the Warrant by Seizing Items Not Named Therein." Particularly in light of the alleged offense for which the warrant was issued, threatening, which could be carried out with a myriad of weapons or objects. The court held in *United States v. Kow*, 58 F.3d 423, 429 (8th Cir. 2000) "absent specific assurances from an impartial judge or magistrate that the defective warrant is valid despite its over-breadth, a reasonable reliance argument fails." Accordingly, in the instant case, the reliance by the police defendants on the neutral magistrate's signature on the defective warrant fails to protect them. Surely, the defendants' cannot claim that they did not know or could not have known any of these specific, widely established, principles of Fourth Amendment jurisprudence.

In what is likely the most recent conformation of the aforementioned Fourth Amendment principles, violated by the police defendants in the instant case, the Supreme Court in *Groh v. Ramirez*, 124 S. Ct. 1284 (2004) stated the following:

> The fact that the application adequately described the "things to be seized" does not save the warrant from its facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents. See *Massachusetts v. Sheppard*, 468 U.S. 981, 988 (1984) ("[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional"); *see also United States v. Stefonek*, 179 F.3d 1030, 1033 (CA7 1999) ("The Fourth Amendment requires that the warrant particularly describe the things to be seized, not the papers presented to the judicial officer . . . asked to

22

> issue the warrant"). And for good reason: "The presence of a search warrant serves a high function," *McDonald v. United States*, 335 U.S. 451, 455 (1948), and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection.

The facts in the instant case are even more egregious than that of *Groh* not only did the warrant itself not distinguish with any particularity the items to be seized, nothing in the supporting documentation indicated what "firearms" were to be seized from which residence, and the defendants all admit that guns from both dwellings were indiscriminately seized, including all of those belonging solely to Lucian Walczyk. The defendants had a duty, at a minimum, to determine whether, in fact, the plaintiff stored guns at his own home or at his parents' home, and to identify which was which in the search warrant.

**Claims Arising from the Connecticut Constitution**

Article I, § 7 of the Connecticut Constitution affords even greater protection to its citizens then does the federal provision, according to the Supreme Court of Connecticut. "It is well established that federal constitutional and statutory law establishes a minimum national standard for the exercise of individual rights and does not inhibit state governments from affording higher levels of protection for such rights." *State v. Geisler*, 222 Conn. 672, 684 (1992) (citations and internal quotation marks omitted).

In their motion for summary judgment the defendants misinterpret the language of *Binette v. Sabo*, 244 Conn. 23 (1998) where the Connecticut Supreme Court recognized a

23

private right of action for violations of Article First, §§ 7 and 9. The defendants' motion, citing the language of *Binette,* state:

> [W]e emphasize that our decision to recognize a *Bivens*-type remedy in this case does not mean that a constitutional cause of action exists for every violation of our state constitution....Whether to recognize a cause of action for alleged violations of *other (emphasis supplied)* state constitutional provisions in the future must be determined on a case-by-case basis.

Although the language in *Binette,* cited by the defendants, stands for the proposition that a cause of action for alleged violations of *other* constitutional provisions must be determined on a case-by-case basis, the rule of law establishing such a cause of action is clear with regard to Article First §§ 7 and 9. The sole question in *Binette*, as stated by the Court is, does the "Connecticut constitution gives rise to a private cause of action for money damages stemming from alleged violations of article first, §§ 7 and 9, of our state constitution. We answer the certified question in the affirmative." As the court held in *Binette* police officers are public employees who are expected--indeed, required--to comport themselves in accordance with constitutional standards.

The plaintiffs incorporate by reference the Article First §15 analysis in their objection to motion for summary judgment as to the claims of Elizabeth Walczyk.

**CONCLUSION**

For the foregoing reasons, the defendants' motion for summary judgment should be denied.

THE PLAINTIFFS,

By: *[signature]*
Jon L. Schoenhorn ct00119
Their Attorney
Jon L. Schoenhorn & Associates
97 Oak Street, Hartford, CT 06106
Tel (860) 278-3500

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of March, 2004 to the following counsel of record:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel. (860) 249-1361

*[signature]*
Jon L. Schoenhorn

25