UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ELIZABETH WALCZYK, MAXIMINA WALCZYK, Individually and as P.P.A. for MICHELLE WALCZYK, a minor child. | : : : : | CIVIL ACTION NO. 3.02CV1537 (RNC) |
| Plaintiffs | : : | |
| v. | : : | |
| JAMES RIO, BRIAN KILLIANY, JAMES JEPSON, WILLIAM TYLER, ANGELA DESCHENES AND SHARWN BROWN | : : : | |
| Defendants | : | OCTOBER 8, 2004 |

**PLAINTIFF ELIZABETH WALCZYK S MEMORANDUM IN SUPPORT OF HER MOTION FOR RECONSIDERATION OF THE COURT S DENIAL OF THE PLAINTIFFS  MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7(c), the plaintiff Elizabeth Walczyk, by and through her undersigned counsel, moves for reconsideration of this court s denial of plaintiffs  Motion for Summary Judgment, only as to the claims of plaintiff Elizabeth Walczyk, because Elizabeth Walczyk believes that this court failed to consider adequately her individual claim when it summarily denied the plaintiffs  Motion for Summary Judgment as it related to all plaintiffs. Elizabeth Walczyk respectfully urges this court to reconsider the merits of her particular claim and to find that, given the undisputed facts of this case, a reasonable juror could not find for the defendants as to her claims.

1

I.      **Procedural History**

On February 2, 2004, the Plaintiffs moved for summary judgment as to each count in their complaint, which included Elizabeth Walczyk's claim that the search of her home violated her federal and state constitutional rights to be free from unreasonable searches, because, in relevant part, "there is no genuine issue of material fact regarding the illegal search of the plaintiffs' homes and the unlawful seizure of the plaintiffs' property in reliance on a search warrant wholly lacking in probable cause and illegally overbroad." [1] See Plaintiff's Motion for Summary Judgment, p.1. In the Plaintiffs' Memorandum of Law in Support of their Motion for Summary Judgment, the plaintiffs specifically contended that "there was nothing in warrant to support the proposition that any of Thomas Walczyk's weapons were located at Elizabeth Walczyk's residence" and that "[t]hus, it is patently unreasonable to speculate about whether, maybe, Thomas Walczyk stored weapons at his parents home [ &or that] Thomas Walczyk would commit a 'bloodbath' using weapons found at 27 Tunxis Street", where his parents resided. See Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, p. 25.

In its Ruling and Order, filed on September 29, 2004, in which it denied *in toto* the Plaintiffs' Motion for Summary Judgment, this court stated that "[t]he evidence that defeats summary judgment on Thomas' unlawful search claim also defeats summary judgment on [the claim] that the search of [Elizabeth's house] violated [her] rights under the United States and Connecticut constitutions." See Ruling and Order, 9/29/04, p. 11. On the next page of its ruling, the court summed up its ruling on the Motion for Summary Judgment as it related to all of the

---

[1] The defendants simultaneously filed their own Motion for Summary Judgment as to the claims of Elizabeth Walczyk, based on Ms. Walczyk's purported lack of standing to challenge the search of her home because she "had no propriety interest in the firearms at the time they were seized." See Defendant's Memorandum of Law in Support of Defendants' Motion for Summary Judgment as to the Claims of Elizabeth Walczyk, p. 7.

2

plaintiffs in one sentence: "A reasonable juror would not be compelled to find that any of the defendants intentionally or recklessly omitted facts negating probable cause." Id. at 12.

Elizabeth Walczyk now respectfully submits that (1) the court's conclusion that a reasonable juror would not be compelled to find that the defendants intentionally or recklessly omitted facts that would negate probable cause is incorrect in so far as it relates to the claims of Elizabeth Walczyk, and (2) in light of recent Supreme Court precedent, this court should consider that mere negligence on the part of the affiant may subject him or her to an action under 42 U.S.C. § 1983 where the resulting search warrant is "so facially deficient [ &] that the executing officers cannot reasonably presume it to be valid." Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 1294 (2004), citing United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405 (1984).

**II.     Statement of Undisputed Facts**

The defendants do not dispute that (1) a search warrant was issued to allow the search of the Plaintiff Elizabeth Walczyk's home; See Defendant's Answer and Affirmative Defenses to Amended Complaint ¶ 4; (2) the defendants executed a search of the Plaintiff Elizabeth Walczyk's home, during which they videotaped the Plaintiff, her ill husband, and her home; See Defendant's Answer and Affirmative Defenses to Amended Complaint ¶ 7 and 8, referencing Plaintiffs' Amended Complaint, ¶ 23; (3) the plaintiff Thomas Walczyk has resided at 28 Tunxis Street and therefore not with his mother, Plaintiff Elizabeth Walczyk, "since 1992 or 1993"; See Defendants' Local Rule 56 Statement in Support of Defendants' Motion for Summary Judgment ¶ 1; and (4) the plaintiff Thomas Walczyk and his family lived in an apartment above his parents' garage at 27 Tunxis Street "from about 1980-1992 or 1993"; See Id. ¶ 5.

Viewing the evidence in the light most favorable to the defendants, Elizabeth Walczyk assumes *arguendo* that the additional facts are true: (1) the plaintiff Thomas Walczyk was seen in

3

the possession of at least one firearm while he lived at 27 Tunxis Street in the apartment over his parents garage; See Defendants Local Rule 56 Statement in Support of Defendants Motion for Summary Judgment, ¶¶ 8, 10, and 13; (2) the plaintiff Thomas Walczyk was known to possess firearms after he moved from 27 to 28 Tunxis Street; Id. ¶ 14; (3) Plaintiff Thomas Walczyk made a comment to Officer Hebert of the Farmington Police Department, who responded to the Plaintiff s residence (at 28 Tunxis Street) to investigate his trespass complaint, and such comment was later construed by other members of the FPD as constituting threatening behavior; Id. ¶¶ 16, 17, 19; and (4) it was this comment by the plaintiff Thomas Walczyk that prompted the issuance of the search warrant for the residence of Thomas mother, Elizabeth; Id.

It is also undisputed that in the search warrant application, the defendants stated that police records indicated that Thomas has resided at either 27 or 28 Tunxis Street and that Thomas had been seen in years past on Tunxis Street with various firearms.

### III.   Argument

#### A.   Standard for Summary Judgment

To prevail on a Motion of Summary Judgment, the moving party must establish that there is no genuine issue of material fact, i.e., that a reasonable factfinder could not find in favor of the nonmoving party. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8, 106 S.Ct. 2505 (1986). The fact or facts in dispute must be material, meaning it will affect the outcome of the case. Id.

Here, there are no facts in dispute that affect Plaintiff Elizabeth Walczyk s claim that, as a result of the defendants conduct, she is entitled to relief pursuant to 42 U.S.C. § 1983.

#### B.   Elizabeth Walczyk is entitled to judgment in her favor as a matter of law.

To prevail on her claim as alleged in the Plaintiffs Amended Complaint, dated April 7, 2003, pursuant to 42 U.S.C. § 1983 that the search of her home violated her federal and state constitutional rights to be free from unreasonable searches, the plaintiff Elizabeth Walczyk must establish that the search of her home was conducted pursuant to a warrant issued in reckless disregard of the truth and wholly unsupported by probable cause.  See Plaintiffs Amended Complaint, p. 7, ¶ 29 (b); See Smith v. Edwards, 175 F.3d 99, 105 (2d Cir.1999); Franks v. Delaware, 438 U.S. 154, 155-6 (1978).  As articulated in this court s Ruling and Order, filed on September 29, 2004, in which it denied the Plaintiffs Motion for Summary Judgment and denied in part the Defendant s motion for the same, the plaintiffs must show that the defendants knowingly and deliberately, or with reckless disregard of the truth, made material misstatements or omissions in the warrant affidavit that were necessary to the finding of probable cause.  See Ruling and Order 9/29/04, p. 7.

The material misstatements and omissions in this case are clearly established: As previously stated by this court,  [i]t is undisputed that the defendants omitted to disclose information to the magistrate.  Specifically, they failed to disclose [ &] (2) that none of Thomas Previous arrests for threatening behavior had resulted in a conviction for threatening; and (3) that Thomas had not lived at 27 Tunxis Street for seven years.   See Ruling and Order 9/29/04, p.8.  The court then went on to recognize the materiality of the above omissions in the finding of probable cause for the searches of the homes.  Id.

Therefore, the only remaining question is whether a reasonable juror could find that these omissions were not made deliberately or were not the product of reckless disregard for the truth.  The plaintiffs submit that the answer must be in the negative, in light of Groh v. Ramirez and because the search warrant affidavit, as it relates to Elizabeth s home at 27 Tunxis Street, is  so

lacking in indicia of probable cause [that it] render[s] official belief in its existence unreasonable.  See Malley v. Briggs, 475 U.S. 335, 345 (1986).

Typically, an officer is subject to an action pursuant to 42 U.S.C. § 1983 only where the plaintiff can establish that the affiants deliberately or recklessly included untruths or omitted facts in their affidavit that would negate probable cause if corrected.  See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978).  Recently, however, the United States Supreme Court has recognized, and stated that the law was clearly established, that an officer may be subject to such a suit where negligence has resulted in a warrant that no reasonable officer could believe [ &] was valid. Groh v. Ramirez, 124 S.Ct. at 1293 (holding that where the search warrant was plainly invalid in that it violated the text of the Fourth Amendment requiring particularity in the description of the items to be seized, the affiant could not claim immunity even though the invalidity was caused by negligence and was not deliberate or the product of a reckless disregard for the truth).  The particularity clause applies equally to places, as well as things.  U.S. Const., amend. IV.; Steele v. United States, 267 U.S. 498, 503 (1925); See also State v. Santiago, 8 Conn.App. 290, 304, 513 A.2d 710 (1986) (identifying the three purposes of the particularity requirement as follows:  (1) to prevent general searches; (2) to prevent the seizure of objects in the mistaken belief that they are within the scope of the issuing magistrate's authorization; and (3) to prevent the issuance of warrants on vague or doubtful factual bases. ).

In this case, Elizabeth Walczyk is entitled to relief because (1) the affiants in this case were aware that Thomas Walczyk did not reside at 27 Tunxis Street[2], (2) the affiants did not include this fact in the affidavit, and (3) the affidavit wholly lacked any current information that

---

[2] See Exhibit M, p.35-36 (Officer Brown indicating in his deposition that he knew Thomas used to live at 27 Tunxis Street and that the 1988 incident was the only nexus in the warrant connecting Thomas to that address); Id. at 41, 44 (Officer Brown recognizing that he did not investigate how long ago Thomas lived at 27 Tunxis Street but that it was an important fact to know and material to a finding of probable cause).

6

indicated that firearms, and, in particular, firearms that were so-called instrumentalities of crime, were located at 27 Tunxis Street. The search warrant for 27 Tunxis Street in this case clearly lacked probable cause not only in light of the omitted information, but also on its face.[3]

The face of the search warrant affidavit in this case offers no support for the proposition that evidence or instrumentalities of crime exist at 27 Tunxis Street. See Warden v. Hayden, 387 U.S. 294, 307 (1967) (requiring a nexus between the criminal activity, the items to be seized, and the place to be searched). The address is referenced exactly four times, aside from the final statement seeking authorization to search 27 and 28 Tunxis Street. First, it is erroneously listed as the address for Thomas Walczyk at the beginning of the affidavit.[4] This is consistent with the third reference to the address, but directly contradicts the fourth, both of which are in paragraph 12 at the end of the affidavit. Paragraph 12 of the affidavit first states that police records indicate that Walczyk has maintained residences at both 27 and 28 Tunxis Street. In the very next sentence, the affidavit relates that town property records identify Thomas as the owner of 28 Tunxis Street, while a Lucian Walczyk owns 27 Tunxis Street. The only other reference to 27

---

[3] This proposition finds support This proposition finds support fro This proposition finds support from t ThomasThomas Walczyk s convictions. State v. Walczyk, 76 Conn.App. 818 A.2d, 76 Conn.App. 818 A.2d thatthat the factsthat the facts alleged inthat the facts alleged in the search warrant did not support a finding o defendant sdefendant s home, the courtdefendant s home, the court specifically noted that the warrant doesde incidents and thoseincidents and those that have becomeincidents and those that have become stale by passag specificallyspecifically described firearms would likelyspecifically described firearms would likely be found i likelylikely be found in his father's residence. Indeed, it does not allegelikely be found in his father's residence part of the defendant's father. Id. at 180-81.

[4] Paragraph 2 of the affidavit reads in relevant part, On 08-30-99 Officer Hebert of the Farmington Police Department responded to trespassing complaint made by Mr. Thomas Walczyk (DOB 09-24-51), 27 Tunxis Street, Farmington, CT. The Plaintiffs note, however, that Officer Hebert s Police Report indicates that he responded to 28 Tunxis Street and that Walczyk resides at 28 Tunxis Street. Exhibit B. This information was clearly available and known to Corporal Deschenes and Officer Brown at the time they were preparing the search warrant affidavit. Therefore, the use of 27 was either a typographical error or a false statement.

Tunxis Street is in paragraph 10, describing a police response to a disturbance at 27 Tunxis Street over ten years earlier that resulted in Thomas arrest for threatening trespassers with a firearm.

Given the circumstances and in examining the affidavit as a whole, the aforementioned references to 27 Tunxis Street, at best, suggest that Thomas has a relative who owns 27 Tunxis Street and that Thomas has lived at different times at both addresses. It requires improper speculation to surmise that Thomas keeps firearms at both locations. See State v. Barton, 219 Conn. 529, 547, 594 A.2d 917 (1991) (indicating that mere suspicion or conjecture is not sufficient for a finding of probable cause). Corporal Deschenes and Officer Brown do not support adequately their conclusion that firearms are to be found at 27 Tunxis Street and make no effort to explain the ambiguity as to Thomas use or access to 27 Tunxis Street. It is clear from the affidavit that Thomas does not own the property, and it is clear that he once resided there. No other link between Thomas and 27 Tunxis Street appears on the face of the affidavit, other than an incident over ten years earlier when Thomas was arrested relating to an incident occurring at 27 Tunxis Street. Even when reporting that 1988 incident, however, the affidavit does make clear where Thomas was residing at the time of his arrest.

A reasonable police officer would know that the facts set forth in the affidavit do not support probable cause to search the residence of 27 Tunxis Street.[5] Therefore, whether it be the result of negligence, deliberateness or reckless disregard for the truth, the affiants must be held accountable for this fourth amendment violation. No reasonable juror could find otherwise.

---

[5] Indeed in his deposition, when asked by counsel if he now would question whether the information in that search warrant was sufficient, Officer Brown stated, I think right now, if this was put in front of me, I may ask a few questions. See Exhibit M, p.38.

8

**Conclusion**

WHEREFORE, Plaintiff Elizabeth Walczyk respectfully requests that this court reconsider its denial of and instead grant the Motion for Summary Judgment as it relates to her claims.

                              THE PLAINTIFF,
                              ELIZABETH WALCZYK

By: /s/ Jon L. Schoenhorn
     Jon L. Schoenhorn ct00119
     Their Attorney
     Jon L. Schoenhorn & Associates
     97 Oak Street, Hartford, CT 06106
     Tel (860) 278-3500

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid, to the following counsel of record on the date of this pleading:

Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Tel. (860) 249-1361

                              /s/_____
                              Jon L. Schoenhorn

F:\SHARED\CLIENTS\Walczyk-Civil\MotiontoReconsider\Memo Mtn to Reconsider 2.doc