UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS WALCZYK, et al.     : | |
| : | CIVIL ACTION NO. 3:02CV1536 (RNC) |
| v.     : | |
| : | |
| JAMES RIO, et al.     : | DECEMBER 27, 2007 |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS**

      Pursuant to Fed. R. Civ. Pro 54 and Local Rule 54(b), the plaintiffs object to the defendants' bill of cost filed December 7, 2007, as it is without merit.  The plaintiffs submit that a final judgment has not been rendered in the above listed matter, as the case is scheduled to commence trial on or about February 5, 2008, and therefore, the defendants are not prevailing parties within the meaning of Federal Rule 54(d)(1).  For this reason and the following additional grounds, the defendants' bill of costs should be denied:

1. Pursuant to Local Rule 54(a), the defendants must "within ten days after the District Court judgment becomes final due to the expiration of the appeal period, as defined by Fed. R. App. P. Rule 4 . . . file with the Clerk and serve on all other parties a verified bill of costs."  The Court of Appeals issued its ruling on the defendants' interlocutory appeal on August 1, 2007 in this case, as the defendants themselves admit in their filing.  The defendants filed their bill of costs on December 17, 2007, which is substantially more than ten days after the expiration of the appeal period.  Thus, under the defendants' own timeline, they are not entitled to make a claim for costs.

2. The Court of Appeals only reversed the district court's summary judgment ruling in part, and remanded to this court on the remaining issues involving the plaintiff, Elizabeth Walczyk.  A final decision "is one that conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Citizen Accord, Inc. v. Town of Rochester,* 235 F. 3d 126, 128 (2d. Cir. 2000).  Although

"[u]nder Rule 54(b) . . . a district court may certify a final judgment where (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is "an express determination that there is no just reason for delay," *Transp. Workers Union, Local 100 v. N.Y. City Transit Auth.*, 505 F. 3d 226, 230 (2007); the district court has not done so here. Furthermore, a court generally should not certify a partial judgment under Rule 54(b) "if the same or closely related issues remain to be litigated," *Nat'l Bank of Washington v. Dolgov,* 853 F. 2d 57, 58 (2d. Cir 1988)(per curiam)(internal quotation marks omitted), unless it can demonstrate "that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered . . . will cause unusual hardship or work an injustice." *Hogan v. Conrail*, 961 F. 2d 1021, 1026 (2d Cir. 1992). Finally, "A grant of partial summary judgment that resolves only some of the issues raised by a complaint is not an appealable final judgment." *West v. Goodyear Tire & Rubber Co.,* 167 F. 3d 776, 781 (2d Cir. 1999). Therefore, there is no basis upon which the defendants may submit a bill of costs since they are not prevailing parties, and it is particularly inappropriate to certify a partial final judgment in this case where closely related issues involving most of the same defendants remain to be litigated. As noted, jury selection is scheduled to begin on February 5, 2008.

3. The defendants' submission of a bill of costs at this time is both meritless and a frivolous use of judicial resources. Therefore, this Court should consider whether to impose sanctions against the defendants for their misconduct in wasting the plaintiffs' and the court's time in responding to their pleading.

WHEREFORE, the plaintiffs respectfully request that the court deny the defendants' bill of costs.

Dated at Hartford, CT this 27th day of December, 2007.

          THE PLAINTIFFS – THOMAS WALCZYK, ET AL.

          /s/ Jon L. Schoenhorn
          Jon L. Schoenhorn
          Jon L. Schoenhorn & Associates, LLC
          108 Oak Street
          Hartford, CT 06106
          Fed. Bar No. Ct 00119

## **CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

          /s/ Jon L. Schoenhorn
          Jon L. Schoenhorn