UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL., | : | NO. 3:02 CV 1536 (RNC) |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL., | : | |
|     Defendants. | : | JANUARY 28, 2008 |

## Plaintiff's Proposed Jury Instructions

**Burden of Proof-General**

    This is a civil case and as such the plaintiff has the burden of proving the material allegations of her complaint by a preponderance of the evidence. If, after considering all of the testimony and reviewing the exhibits, you are satisfied that the plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the plaintiff on her claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendant.
Authority: *Larson v. JoAnn Cab Corp.*, 209 F.2d 929 (2d Cir. 1954); *Brodie v. Connecticut Co.*, 87 Conn. 363 (1913).

**Burden of Proof-Preponderance of the Evidence**

    The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish her claim by a preponderance of the evidence, you must decide against her on the issue you are considering.
    What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.
    If you find that the credible evidence on a given issue is evenly divided between the parties that it is equally probable that one side is right as it is that the other side is right-then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence-she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the

party with this burden of proof-that what the party claims is more likely true than not true-then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority:  Adapted from the charges of Judge Weinfeld in *Neasbitt v. Isbrandtsen SS Co.*, Civ. 44-556 (S.D.N.Y.); and *Hedger v. United Fruit*, Civ. 44-101 (S.D.N.Y.); adapted from the charge of the Hon. Abraham Sofaer in *Sharon v. Time, Inc.*, 83 Civ. 4660 (S.D.N.Y. 1985);*Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997) (quoting Treatise); *Larson v. JoAnn Cab Corp.*, 209 F.2d 929 (2d Cir. 1954); and 4-73 Modern Federal Jury Instructions-Civil P 73.01

**Consideration of the Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Authority: *United States v. Aluminum Co. of America*, 1 F.R.D. 62 (S.D.N.Y. 1939); and 4-74 Modern Federal Jury Instructions-Civil P 74.01

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Authority: *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S. Ct. 6, 5 L. Ed. 2d 20 (1960); and 4-74 Modern Federal Jury Instructions-Civil P 74.01

**Credibility of Witnesses**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner and appearance while

testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has testified falsely with respect to a material fact in the case, you may, but you are not required to, disregard his entire testimony. Or, in your discretion, you may choose to follow that which you believe is true, and reject the balance. It is entirely within your discretion to weigh it, to determine the weight to be given to the testimony and to judge the credibility of the witness.

Authority: *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S. Ct. 724, 88 L. Ed. 967 (1944); *Dyer v. MacDougall*, 201 F.2d 265 (2d Cir. 1952); *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946)4-76; and Modern Federal Jury Instructions-Civil P 76.01

**Credibility of Police Officers**

The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers. You should recall his or her demeanor on the stand, the manner of testifying, the substance of that officer's testimony, any interest he or she may have in the outcome of the case, including those officers who are parties to the case, and weigh and balance the testimony just as carefully as you would the testimony of any other witness. Police officers do not stand in any higher station in the community than any other person, and their testimony is not entitled to any greater weight.

Authority: *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981).

**Joint and Several Liability**

When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits consideration of

the injury jointly, and all are liable to respond to the Plaintiff in a total sum as damages.

All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts as his own, are liable. Specific agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a implied one.
Authority: Prosser, Law of Torts, Section 46,pp. 291-295 (4th Ed.); *Gagnon v. Ball,* 696 F.2d 17 (2d Cir.).


**No Specific Intent Required**.

It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff. The plaintiff is entitled to relief if the defendants acted in a manner which resulted in a violation of her civil rights.
Authority: *Gomez v. Toledo*, 446 U.S. 635 (1980); *Pierson v. Ray*, 386 U.S. 547 (1967).


**Probable Cause for a Search Warrant**

The Fourth Amendment of the United States Constitution states "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." Probable cause means more than a mere suspicion, and common rumor or report, suspicion, or even strong reason to suspect, are not sufficient to constitute probable cause. In determining the existence of probable cause to search, you must make a practical, nontechnical decision whether, given all the circumstances set forth in the search warrant affidavit, including the veracity and the basis of knowledge of persons supplying hearsay information, that there is a fair probability that contraband or evidence *of a crime* will be found in a particular place.

On a previous occasion, this court has ruled that the warrant that was issued in this case did not contain sufficient facts to establish probable cause to search the home of the plaintiff at 27 Tunxis Street in Farmington. The right to search a home cannot be based upon the proximity or familial connections alone. This finding by the court is binding on you in your deliberations and you must take that into consideration in deciding this matter.
Authority: *Smith v. Edwards,* 175 F.3d 99 (D. Conn. 1999); *Golino v. City of New Haven,* 950 F.2d 864 (2d Cir. 1991), *cert. denied,* 112 S. Ct. 3032(1992); *Dunaway v. New York,* 442 U.S. 200 (1979); *State v. Barton*, 219 Conn. 527 (1991); *Stone v. Stevens* 12 Conn. 219 (1837); *Alabama v. White,* 496 U.S. 325 (1990); *Henry v. United States,* 361 U.S. 98 (1959); *State v. Martinez*, 51 Conn. App. 59 (1998); *Walcyzk v. Rio*, 496 F.3d 139 (2d Cir. 2007).

**Reckless Disregard of the Truth; Reckless Omissions from Warrant Affidavit**

When an official, acting in good faith, obtains a warrant under oath and acts with its scope, he has engaged in no official misconduct; it is that magistrate's responsibility to determine whether the officer's allegations constitute probable cause and it is the magistrate's error if the search is later officially determined to be unlawful. In such a case, the magistrate's issuance of the warrant shields the officer from liability for an illegal search. Where, however, the official engages in misconduct in preparing and procuring a warrant, there is no impenetrable barrier to civil liability for that official. A facially valid warrant will not shield an official who does not act in an objectively reasonable manner in procuring it. Misconduct in the procurement of a warrant is not cured by the judge's acceptance of, or signature on, the warrant.

The Fourth Amendment requires a factual showing sufficient to comprise probable cause. Here you must determine if some or all of the defendants here acted with reckless disregard for the truth in obtaining the warrant for the search of Elizabeth Walczyk's residence located at 27 Tunxis Street in Farmington. In this case, the plaintiff must show that the affiant knowingly and deliberately, or with reckless disregard of the truth, made false statements or material omissions in the application for the warrant, relying on stale information about Thomas Walczyk's residency, and that such statements or omissions were necessary to the order permitting the search of the plaintiff's residence.

A person acts "recklessly" with respect to a result or to a circumstance described by a statute defining a offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstances exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. Whether a risk is substantial and unjustifiable is a question of fact for you to determine under all the circumstances. An official cannot be said to have acted in an objectively reasonable manner so as to enjoy good faith immunity for civil damages if he or she was dishonest or reckless in preparing a warrant.

A statement or omission in a warrant is material if the alleged falsehoods or omissions were necessary to the issuing judge's probable cause finding. The plaintiff must demonstrate that the judge would not have issued the warrant for the particular location if the true set of circumstances were disclosed, or if omitted information had been included. In this case, I am speaking about the statements and omission by the defendants concerning the residence of Thomas Walczyk at the time of the search, and the plaintiff's claim that her son had moved from 27 Tunxis Street several years prior to the execution of the warrant. The plaintiff claims that the defendants recklessly disregarded the truth in their application for the search warrant for her home at 27 Tunxis Street. If you believe that probable cause would not have existed for a judge to authorize the search of 27 Tunxis Street if the true facts had been disclosed about Thomas' residence, then you must find this issue in favor of the plaintiff. The law does not distinguish between intentionally false statements by an affidavit writer and reckless or intentional omissions of a fact in preparation of warrants. You must apply the same criteria for both.

Authority: *Franks v. Delaware,* 438 U.S. 154, (1978); *Velardi v. Walsh,* 40 F. 3d 569 (2d Cir. 1990); *United States v. Martin*, 426 F. 3d 68 (2d Cir. 2005); *Magnotti v. Kuntz,* 918 F. 2d 364 (2d Cir.), *cert. denied,* 469 U.S. 845 (1984); *Smith v. Edwards,* 175 F. 3d 99 (D. Conn. 1999); *State v. Barton,* 219 Conn. 527 (Conn. 1991); *Malley v. Briggs,* 475 U.S. 355 (1986); *Alabama v. White,* 496 U.S. 325 (1990); *Henry v. United States,* 361 U.S. 98 (1959); *Payton v. New York*, 445 U.S. 573 (1908); Connecticut General Statute § 53a-3(13); Walczyk v. Rio, 496 F.3d 139 (2d Cir. 2007).

**Particularity of a Search Warrant**

    As I previously indicated, the constitution requires that a warrant state with particularity both the place to be searched and the items to be seized. Probable cause must exist for both the item and the location. As you see from the warrant itself, the warrant authorized the search of two residences, 27 Tunxis Street and 28 Tunxis Street, both in Farmington, and only permitted the seizure of certain property of Thomas Walczyk. The particularity clause was a direct response to the British use of the general warrant, one of the abuses that led to the American Revolution: The problem posed by the general warrant is not that of intrusion *per se*, but of a general exploratory rummaging in a person's belongings. The fourth amendment addressed the problem by requiring a particular description of the things to be seized. By limiting the authorization to search the specific areas and things for which there is probable cause to seize, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. You must determine whether there was probable cause to believe that firearms belonging to Thomas Walczyk were in Elizabeth Walczyk's home, and that the defendants who participated in the search had probable cause to believe that the items seized at her residence belonged to or were equally accessible to Thomas. Mere proximity of the plaintiff's home to her son's residence is not sufficient to find probable cause.

    With respect to items to be seized the standard is met if the officers can identify the property sought with reasonable certainty. You must determine if the warrant described the location of Thomas Walczyk's property so that there was no reasonable probability of searching someone else's premises in error. Here you must determine if the search warrant established probable cause that reasonably permitted the defendants to seize firearms and other property belonging to the plaintiff or her husband Lucian Walczyk or to enter their home at 27 Tunxis Street in Farmington. If it did not, then you must find in favor of the plaintiff.

*Authority: Steele v. United States No. 1*, 267 U.S. 498 (1925); *Velardi v. Walsh*, 40 F.3d 569 (2d Cir. 1994); *Walczyk v. Rio*, 496 F.3d 139 (2d Cir. 2007); U.S. Constitution, Amend IV.

**Connecticut Constitution, Article I, Section 7**

    The plaintiff has also claimed a violation of her rights under Article I § 7 of the Connecticut Constitution, which states in relevant part: "The people shall be secure in

their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." Thus, as you may observe from the language just quoted, the Connecticut Constitution requires even more specificity than the fourth amendment does, demanding that warrants describe in express terms a place or thing as nearly as may be, which means that both the place to be searched and the items to be seized must be described as nearly as the circumstances will admit. The purpose of the particularity requirement under the Connecticut Constitution is to prevent the seizure of objects in the mistaken belief that they are within the scope of the issuing judge's authorization. Here you must determine whether the search warrant affidavit described the property and the location for which probable cause existed with as much specificity as was possible under the circumstances. I remind you that in this case, one warrant was issued to search two separate properties, and the plaintiff's claim only involves the search of her property. If you find that the warrant failed to meet this standard of particularity as I described it to you, by a preponderance of the evidence, then the warrant violated the Connecticut Constitution, and you will find this issue in favor of the plaintiff.

 Authority: LaFave & Isreal, Criminal Procedure §3-4(f); Article I, §7 of the Connecticut Constitution; *State v. Spencer,* 268 Conn. 575 (2004); *State v. Joyce,* 229 Conn. 10, 15-16 (1994); *State v. Geisler,* 222 Conn. 672 (1992); *Binette v. Sabo,* 244 Conn. 23 (1998); *Gray v. Davis*, 27 Conn. 447 (1858)

**Compensatory Damages**
  If you find that Defendants are liable to the Plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory damages and punitive damages. Compensatory damages are designed to compensate the Plaintiffs for injuries suffered by them. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the Plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the Defendants. Among the elements of injury and harm for which compensation may be awarded are:
  a) The emotional harm to the Plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the Plaintiff in the past suffered or may with reasonable certainty, suffer in the future;
  b) Economic loss caused by including the incurring of costs to defend against the illegal acts: This includes attorneys fees and costs incurred by the Plaintiff in attempting to retrieve her property
  c) Injury caused by the deprivation of the Plaintiff's constitutional rights;
  If you find that a constitutional right of the Plaintiff has been violated in any manner by any of the defendants, the plaintiff is entitled, at a minimum, to nominal

damages for that loss from that defendant. Nominal damages are ordinarily fixed in the amount of $10.00. To support a finding of damages in an amount greater than that, you must find an expense, loss or injury, including emotional distress suffered by the plaintiff, was proximately caused by the constitutional violation.

Actual loss, however, is not limited to monetary expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should find damages to the extent that the loss or injury can be reasonably quantifiable by you.

The amount of money you decide to grant should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed.

Authority: *Memphis Community School District v. Stachura*, 106 S. Ct. 2537 (1986); *Wheatley v. Beetar*, 637 F. 2d 863, 865-68 (2d Cir. 1980); *Ellis v. Blum,* 643 F. 2d 68, 82-84*; German-Bey v. National R.R. Passenger Corp.,* 546 F. Supp. 253, 258-259 (S.D.N.Y.); *Bauer v. Norris*, 713 F. 2d 408 (8th Cir. 1983); Restatement on Torts II, §431.

**Punitive Damages**

You may also decide whether the Plaintiff is entitled to receive punitive damages. In a case like this one, you may consider whether acts or omissions of the Defendants, if you find them to have been proved, were so serious that the Defendants should pay a penalty so that in the future, they or others will be deterred from engaging in the same conduct. Whether you decide to award any punitive damages should be based on whether you find that the Defendants engaged in any one of the following things:

1) A search of 27 Tunxis Street without probable cause;

2) Applying for a search warrant for 27 Tunxis Street with reckless disregard; or

3) Reckless disregard by the Defendants as to whether or not they were violating any of the Plaintiff's rights.

If you find any one of these three things to have been proven, then you should award punitive damages.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or injury as a result of the defendants' actions other than the constitutional violation itself, if these actions were deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.

Authority: *Smith v. Wade*, 461 U.S. 30 (1983); *Stobler v. Board of Trustees,* 474 F. 2d 485 (2d Cir. 1973).

**Additional Requests**

The plaintiff respectfully requests leave to supplement his request for jury instructions after the evidence and prior to the charging conference. This request is made in abundance of caution and on the theory that the defendant can not reasonably anticipate how the evidence will be presented and what instructions, in addition to the

foregoing and accompanying legal issues will be necessary to enable the jury to reach their verdict.

                                                      By: /s/ Jon L. Schoenhorn
                                                           Jon L. Schoenhorn
                                                           Jon L. Schoenhorn & Associates, LLC
                                                           108 Oak Street
                                                           Hartford, CT 06106
                                                           Fed. Bar No. Ct 00119