UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | JANUARY 29, 2008 |

## DEFENDANTS' TRIAL MANAGEMENT ORDER COMPLIANCE

1. Trial Counsel:

    For the plaintiff:   Jon L. Schoenhorn, ESQ.
                                  Federal Bar Number ct00119
                                  108 Oak Street
                                  Hartford, CT 06106
                                  Tel. 860-278-3500

    For the defendants: John J. Radshaw, ESQ.,
                                  Federal Bar Number ct19882
                                  65 Wethersfield Avenue
                                  Hartford, CT 06114
                                  Tel. 860-249-1361

2. Jurisdiction:

    Subject matter jurisdiction is founded upon Title 28 U.S.C. §§1331 and 1343, and the fourth and fourteenth amendments to the United States Constitution. Supplemental jurisdiction is founded upon 28 U.S.C. §1367.

3. Jury

    This a jury trial case.

4. Nature of this case:

The plaintiff, Elizabeth Walczyk, claims that the defendants searched and seized items from her home in Farmington, that she shared with her late husband, when there was no probable cause to do so. She claims that the defendants obtained a search warrant that was issued in reckless disregard for the truth concerning the residency of her adult son, Thomas Walczyk, and that it lacked probable cause to search their home. Firearms that belonged to her husband were seized by the defendants on or about September 9, 1999. Thus, Elizabeth Walczyk claims that her federal and state constitutional rights to be free from illegal searches and seizures were violated.

The defendants' dispute the plaintiff's claims in this case. The defendants assert they were acting lawfully when following the review of a report that Thomas Walczyk told a Farmington Police Officer that "the police weren't taking the necessary action to avoid a bloodbath" concerning a land dispute at 27 and 28 Tunxis Street, the officer's supervisors, including Chief Rio and Lt Tyler, knowledgeable of Walczyk's prior brushes with the law and propensity to display firearms in a threatening manner, determined that they should seek an arrest warrant for Thomas for threatening and a search warrant for firearms, the possible means to accomplish the "bloodbath". Thereafter, the police obtained both an arrest warrant for the defendant and a search warrant for 27 and 28 Tunxis Street, believing that Thomas had maintained residences at both locations and that firearms would be found in both locations. The defendants contend they acted lawfully, and that the warrant and the search were supported by probable cause and that their actions were objectively reasonable.

5. Stipulations of Facts and Law Agreed Upon By the Parties.

    None.

6. Defendants' Contentions:

    The defendants assert they were acting lawfully when following the review of a report that Thomas Walczyk told a Farmington Police Officer that "the police weren't taking the necessary action to avoid a bloodbath" concerning a land dispute at 27 and 28 Tunxis Street, the officer's supervisors, including Chief Rio and Lt Tyler, knowledgeable of Walczyk's prior brushes with the law and propensity to display firearms in a threatening manner, determined that they should seek an arrest warrant for Thomas for threatening and a search warrant for firearms, the possible means to accomplish the "bloodbath". Thereafter, the police obtained both an arrest warrant for the defendant and a search warrant for 27 and 28 Tunxis Street, believing that Thomas had maintained residences at both locations and that firearms would be found in both locations. The defendants contend they acted lawfully, and that the warrant and the search were supported by probable cause and that their actions were objectively reasonable.

7. Defendant's Legal Issues

    1) Whether the search warrant affidavit, once corrected with the information possessed by the Farmington Police Officers, was supported by probable cause to search 27 Tunxis Street, Farmington, CT?

2) Whether the defendant officers reasonably believed that the search warrant affidavit, once corrected with the information possessed by the Farmington Police Officers, was supported by probable cause to search 27 Tunxis Street, Farmington, CT?

3) Whether the defendant officers are protected by qualified immunity.

4) which of the defendants, if any, actually reviewed the police records that purportedly established Walczyk's residence at both 27 and 28 Tunxis Street;

5) whether these records would have alerted a reasonable officer to the staleness of the dual residency allegation;

6) which defendants, if any, possessed independent knowledge that the dual residency statement was not accurate;

7) the circumstances under which the dual residency allegation was communicated along the chain of defendants; and

8) whether any defendant's reliance on such communication without further inquiry was reasonable in light of the totality of the circumstances.

8. Voir Dire Questions

    See attached.

9. Plaintiff's list of Witnesses

    1. Elizabeth Walczyk – no objection

    2. Maxima Walczyk – no objection

    3. Brian Royce – defendants object insofar as the plaintiff appears to be offering an undisclosed expert opinion on police practices.

    4. Paula Ray – no objection

    5. Barbara Walczyck – no objection

    6. Custodian of Records – no objection

    7. Officer David Herbert – no objection

    8. Detective William Kinahan– no objection

    9. Defendant Killiany– no objection

    10. Representative of the Special Licensing and Firearms Office – no objection

10. Plaintiff's list of exhibits[1]

    The plaintiff, by and through her undersigned counsel, hereby submits the following list of exhibits. [The plaintiff reserves the right to offer and rely on any exhibits listed by defendants, should they disclose same]:

    1) Video tape taken by Defendant Killiany during the September 7, 1999 search.

---

[1] The defendants reserve the right to offer additional deposition testimony of these witnesses for the rule of completeness and object to the entry of deposition transcripts

2) Video tape taken by Detective Kinanhan during the September 7, 1999 search.

3) Excerpts from Deposition of Defendant William Tyler, pp. 61-66, 78-81, 101. **– Objection.**

4) Return (Receipt) for Seized property for 27 Tunxis Street, Farmington.

5) Affidavit and Application for Search and Seizure Warrant, Tunxis Street.

6) Inventory of Property Seized on Warrant for 27 Tunxis Street, Farmington

7) Excerpts from Deposition of Defendant James Rio, pp. 23-31, 38-44, 60-64. **– Objection.**

8) Excerpts from Deposition of Defendant Angela Deschenes, pp. 48-57. **– Objection.**

9) Excerpts from Deposition of Defendant Shawn Brown, pp. 35-38. **– Objection.**

10) Excerpts from Deposition of James Jepsen, pp. 34-37, 53-54, 61 **– Objection.**

11) Excerpts from Deposition of Brian Royce, pp. 39-42. **– Objection.**

12) Land title records for 27 Tunxis Street.

13) Land title records for 28 Tunxis Street

14) Photograph of 27 Tunxis Street

15) Photograph of 28 Tunxis Street

16) Map showing 27 and 28 Tunxis Street

17) Firearm Registrations of Lucien Walczyk

---

as exhibits. They may be read to the jury, but not offered as full exhibits. A separately

11. Defendant's Witnesses:

    1) James Rio – Chief Rio may testify concerning the background for the search warrant, the process of preparing the warrant and the allegations in the plaintiff's complaint. Duration – 3 hours

    2) Brian Killiany (Farmington Police Department) – Det Killinay may testify concerning the background for the search warrant, the process of preparing the warrant, his understanding of Thomas Walczylk's residences, personal interactions with Mr. Walczyk and the allegations in the plaintiff's complaint. Duration – 1 - 2 hours

    3) James Jepsen (Farmington Police Department (Retired)) – Mr. Jepsen may testify concerning the background for the search warrant, the process of preparing the warrant, his understanding of Thomas Walczylk's residences, personal interactions with Mr. Walczyk and the allegations in the plaintiff's complaint. Duration – less than 1 hour to 1 hour.

    4) William Tyler (Farmington Police Department) – Lt. Tyler may testify concerning the background for the search warrant, the process of preparing the warrant, his understanding of Thomas Walczylk's residences, personal interactions with Mr. Walczyk and the allegations in the plaintiff's complaint. Duration 1-2 hours

    5) Angela Deschenes (Farmington Police Department (Retired)) – Ms Deschenes may testify concerning her involvement in the application for and execution of the search warrant for 27 an d28 Tunxis Street and the allegations in the plaintiff's complaint. Duration - less than 1 hour to 1 hour.

---

filed motion in limine addresses this issue.

6) Shawn Brown (Farmington Police Department) – Sgt Brown may testify concerning her involvement in the application for and execution of the search warrant for 27 an d28 Tunxis Street and the allegations in the plaintiff's complaint. Duration - less than 1 hour to 1 hour.

7) Thomas Walczyk – Mr. Walczyk may testify concerning the land dispute with Barbarino, his prior interaction with the Farmington Police Department, his possession and use of firearms, Duration – 2 to 3 hours.

12. Defendants' Exhibits

    1.    Application for Search Warrant

    2.    Application for Arrest Warrant

    3.    Police Reports relied upon by FPD officers in drafting warrant

    4.    Photographs of items seized from 27 and 28 Tunxis Street.

    5.    Return (Receipt) for Seized property for 27 and 28 Tunxis Street, Farmington.

    6    Inventory of Property Seized on Warrant for 27 and 28 Tunxis Street, Farmington

    7.    Receipt for property returned

    8.    Decision and pleadings in Walczyk v. Barberino Realty & Development Corporation, 1996 Ct. Sup. 990, 16 CLR 34, J.D. of Hartford/New Britain at New Britain, (Jan. 10, 1996, Arena, J.),

    9.    Decision in Walczyk v. Barberino Realty & Development Corporation, 48 Conn. App. 911, 719 A.2d 1233 (1998

10. Walczyk v. Barberino Realty & Development Corporation, 245 Conn. 904, 719 A.2d 1165, cert. denied (1998).

11. Correspondence from Barbarino Realty to Farmington Police Department

12. Police Report concerning subject incident, execution of warrant and arrest of Thomas Walczyk

13. Jury Instructions

See Attached.

14. Anticipated Evidentiary Problems

The defendants intend on filing motions in limine re the possible undisclosed expert witness testimony from Sgt Royce, plaintiff's claims of damages, and the plaintiff's attempt to introduce deposition transcript as exhibits.

THE DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

  This is to certify that on **January 30**, 2008, a copy of the foregoing **pleading** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

            <u>/s/ John J. Radshaw, III</u>
            John J. Radshaw, III