UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH WAKCZYK | : | NO.: 3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | JANUARY 29, 2008 |

## DEFENDANTS' REQUESTS TO CHARGE

**I.      Liability**

**a.      The Statute – 42 USC §1983**

The law to be applied in this case is the federal civil rights law that provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. 1983.

**b.      Purpose of Statute**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Authority:  Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

**c.      Burden of Proof**

I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses. The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the

evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant. The defendant has the burden of proving each element of his affirmative defenses. I shall shortly instruct you on the elements of these defenses. If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

Authority: Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

### d.    Elements of a Section 1983 Claim

To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Authority: Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

### 1.    First Element-Color of Law

The first element of the plaintiff's claim is that the defendants acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law. An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

Authority: Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

Authority:  Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); cert. denied, 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

I instruct you that the parties have agreed that the defendant police officers were acting under color of law.

### 2.    Second Element-Deprivation of Right

The second element of the plaintiff's claim is that she was deprived of a federal right by the defendants.  The plaintiff claims that he was deprived of his right to be free from excessive force in violation of the Fourth Amendment to the United States Constitution.  I will explain the elements of the plaintiff's Fourth Amendment claim later.

Authority: Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, Volume 4, § 3.01.1

### 3.    Third Element-Causation

The third element that the plaintiff must prove is that each of the defendants' acts was a proximate cause of the injuries allegedly sustained by the plaintiffs.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury. A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result that was not reasonably foreseeable by the defendant.

Authority:  Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); Mt. Healthy City School District Board of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Authority: Saucier v. Katz, 533 U.S. 194 (2001), Hunter v. Bryant, 502 U.S. 224, 228 (1991), Anderson v. Creighton, 483 U.S. 635, 640-41 (1987)(Bivens action), Malley v Briggs, 475 U.S. 335, 341 (1986), Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(Bivens action), DeGraff v. District of Columbia, 120 F.3d 298 (D.C. Cir. 1997), Wardlaw v. Pickett, 1 F.3d 1297, 1303 (D.C. Cir. 1993), Harris v. District of Columbia, 932 F.2d 10, 15-16, Saidi v. WMATA, 928 F. Supp. 21, 28 (D.D.C. 1996), Aleotti v. Baars, 896 F. Supp. 1 (D.D.C. 1995).

On this issue of whether a reasonable officer in the defendant officer's position could have believed in the lawfulness of his actions, you may consider the extent to which he may have received instructions of orders from superior officers.

Authority: Varrone v. Bilotti, 123 F.3d 75, 82 (2d Cir. 1997), Thaddeus-X v. Blatter, 110 F.3d 1233, 1242-43 (6th Cir. 1997).

For the purposes of this case, the outcome of any subsequent prosecution of Thomas Walczyk for the actions resulting in his arrest is irrelevant, and should not enter into your deliberations.  There is no guarantee that only the guilty be arrested. Therefore, under the plaintiff's false arrest claim, there can be no liability if the arrest was based upon probable cause, regardless of the disposition of the criminal charges against the plaintiff.

Authority: Baker v. McCollan, 443 U.S. 145, 99 S. Ct. 2689 (1978), Fields v. City of South Hampton, 992 F.2d 1183 (5th Cir. 1991), Kay v. N.H. Democratic Party, 821 F.2d 31 (1st Cir. 1987), note 6, Heath v. Cast, 813 F.2d 254, 260 (9th Cir. 1987)

## II.    Liability Instructions Specific to Plaintiff's claims

### a.    Generally – Search Warrants / Corrected Affidavit

In this case, the plaintiff claims that the warrant employed by the police officers to search 27 Tunxis Street was not supported by probable cause. The defendants dispute that assertion and submit their actions were proper.

In order to reconcile issues that arise in the instance of a facially valid warrant, we employ was has come to be known as the corrected affidavit test. In civil rights cases involving the claim of false arrest or prosecution without probable cause, you must "put aside allegedly false information, supply any omitted information, and determine whether the contents of the corrected affidavit would have supported a finding of probable cause." If at the conclusion of this analysis probable cause remains, no constitutional violation of plaintiff s Fourth Amendment rights has occurred.  Probable cause only exists when there are "facts and circumstances sufficient to warrant a prudent man believing that the [suspect] had committed or was committing an offense." Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (CA2 1996). See also, Franks v. Delaware, 438 U.S. 154 (1978).

Essentially, the dispute is whether the information that Thomas Walczyk had not resided in his parents' home for more than seven years could reasonably think that the stale allegation of dual residency established probable cause to search that premises for firearms. You must determine if the officers' belief, and which officers' belief was reasonable and whether any of the officers, possessed-or even should have possessed-such knowledge.

You may consider (1) which of the defendants, if any, actually reviewed the police records that purportedly established Walczyk's residence at both 27 and 28 Tunxis Street; (2) whether these records would have alerted a reasonable officer to the staleness of the dual residency allegation; (3) which defendants, if any, possessed independent knowledge that the dual residency statement was not accurate; (4) the circumstances under which the dual residency allegation was communicated along the chain of defendants; and (5) whether any defendant's reliance on such communication without further inquiry was reasonable in light of the totality of the circumstances.

You may find for the plaintiff only if the officer submitting the probable cause affidavit "knowingly or intentionally, or with reckless disregard for the truth, made a false statement in his affidavit, or omitted material information, and that such false information was necessary to the finding of probable cause.

If you find that certain officers were not involved in the process, or the records contained would not have alerted a reasonable officer to the staleness, or if an officer possessed knowledge that the dual residency statement was inaccurate, or their reliance on the information without further inquire was reasonable, you must find for the defendants.

### b.    Effect of Violation of Regulation or General Order

In the course of this trial, there may have been evidence of various Town of Farmington Police Department rules, internal operating procedures, and general orders. While a violation of these rules, internal operating procedures, and general orders may

subject an officer to discipline within the department, a violation does not necessarily determine whether the officer violated the reasonableness standard of the Fourth Amendment.

Authority:  Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001) (claims based on violations of state law and police procedure not actionable under § 1983); Mettler v. Whitledge, 165 F.3d 1197, 1203 (8th Cir. 1999) ("Most of the guidelines cited are for the protection of the sheriff's deputies, not of armed suspects, and in any event the breach of such guidelines is not dispositive to our determination of whether the deputies violated a clearly established constitutional right."); Soller v. Moore, 84 F.3d 964, 969 (7th Cir. 1996) (IACP (International Association of Chiefs of Police) Model Policy on off-duty officers engaging in traffic stops under circumstances where they are personally involved ruled inadmissible: "[W]hether it is wise public policy to allow off-duty police officers to chase late night traffic violators is beside the point; the action is not unconstitutional and, more to the point, it has nothing to do with the key issue of whether the force used after a suspect is collared is excessive under the circumstances."); Romero v. Board of County Commissioners, 60 F.3d 702, 705 (10th Cir. 1995) (that officer failed to arrest and handcuff drunk driver as required under state law and procedures irrelevant: "[V]iolations of state law and police procedure generally do not give rise to a § 1983 claim."); Marti v. City of Maplewood, 57 F.3d 680, 684 (8th Cir. 1995) (where plaintiff alleged officers failed to follow written policies, policies themselves not probative of municipal liability); Scott v. Henrich, 39 F. 3d 912, 915-16 (9th Cir. 1994) ("[Plaintiff] argues the police officers' conduct violated department guidelines for dealing with barricaded suspects. . . . Assuming internal police guidelines are relevant to determining whether use of force is objectively reasonable, they are relevant only when one of their purposes is to protect the individual against whom force is used."); Plakas v. Drinsky, 19 F.3d 1143, 1150-51 (7th Cir. 1994) ("[W]e think it is clear that the Constitution does not enact a police administrator's equipment list. We decline to use this case to impose constitutional equipment requirements on the police."); Drewitt v. Pratt, 999 F.2d 774 (4th Cir. 1993) ("failure of" the officer "to display his badge when announcing himself as a police officer" and demanding that the driver stop, even if it was a violation of state law, was "irrelevant to the issue of whether at the moment of the shooting" the officer had probable cause to shoot); Fraire v. City of Arlington, 957 F.2d 1268, 1276 (5th Cir. 1992) ("[E]ven a negligent departure from established police procedure does not necessarily signal violation of constitutional protections."); Smith v. Freland, 954 F.2d 343, 954 (6th Cir. 1992) (court rejected plaintiff's claim that officer should be liable for violating city policy that forbids officers to fire at moving vehicles and to apprehend misdemeanor suspect; issue was whether the officer violated the Constitution, "not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983."); Elliott v. Cheshire County, 940 F.2d 7 (1st Cir. 1991) (in suicide, properly posed constitutional question is not whether defendant adhered to agency protocols, but whether it disregarded known risk particular detainee would commit suicide); Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1988) (officer's arrest on invalid warrant violated special order; but "police department guidelines do not create a constitutional right"); Edwards v. Thomas, 31 F. Supp. 2d 1069, 1076 (N.D. Ill. 1999) (objective

6

reasonableness, standard for excessive force claims, requires analysis of what hypothetical reasonable officer would have known and done in light of circumstances confronting actual officer in case; police regulations, general orders and officer training provide relevant (although not conclusive) benchmark for making such comparison); Estate of Saldana by Saldana v. Weitzel, 912 F. Supp. 413, 416 (D. Wisc. 1996) (decedent was holding knife, shouting, drunk and threatening people; officer shot from about fifteen feet; even if the plaintiff's expert was correct and closing gap to fifteen feet was poor policing, poor policing, however, not constitutional violation); Charles v. Cotter, 867 F. Supp. 648, 663-64 (N.D. Ill. 1994) (evidence that defendants violated police rules, regulations relevant with respect to claim they violated constitutional rights, but, granting plaintiff's motion, court limited use to impeachment and refreshing witnesses' recollection); Jones v. Chieffo, 833 F. Supp. 498, 507 (E.D. Pa. 1993) (under then-existing reckless indifference standard, "[officer's] choice to pursue the vehicles and to prevent them from causing any future harm without the use of his siren and without explaining his reasons for the pursuit may have violated state law, police directives, or even constituted a common law tort, but it may not state a claim for a constitutional deprivation of due process."); Cf. Townsend v. Benya, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003) (because knowledge and state of mind are required elements of plaintiff's § 1983 claims, knowing violations of department regulations by defendants are relevant).

III.    **Damages**

    a.    **Consider Damages Only If Necessary**

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

Authority:  Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969) modified on other grounds, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

    b.    **Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights.  If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole - that is, to compensate her for the damage that she has suffered.  Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.  You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Your award may not include any compensation for attorney's fees or legal costs related to this civil proceeding.

The plaintiff is not entitled to damages based solely on the subjective importance of the constitutional right allegedly violated.  In other words, violation of a constitutional right, in and of itself, does not entitle plaintiff to an award of damages.  Your award, if

any, should be based upon proof of actual injuries, not a demonstrated infringement of an abstract constitutional right.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Authority:  Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.C. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979); Connecticut Law of Torts, 3d Ed. § 174; Markey v. Santangelo, 195 Conn. 76, 485 A.2d 1305 (1985); Abraham v. Gendlin, 84 U.S. App. D.C. 307, 172 F.2d 881 (D.C. Cir. 1949); Brandon v. Capitol Transit Co., 71 A.2d 621 (D.C. App. 1950); Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Carey v. Piphus, 435 U.S. 247 (1978); Wayne C. Beyer, Police Misconduct: Principles Governing Money Damages and Other Relief Under 42 U.S.C. § 1983, 32 TORT & INSURANCE LAW JOURNAL, 154, 157-59 (ABA 1996).

You may only compensate the plaintiff for a violation of her constitutional rights if you have found her claim of a constitutional violation to have been proved by a preponderance of the evidence.

If you have found that the plaintiff has proven only the common law claims based upon intentional torts or negligence, you may not compensate the plaintiff for violation of her constitutional rights.

Likewise, if you find that plaintiff has only proved a violation of her federal constitutional rights, but has not proved any state constitutional violation, you may compensate plaintiff only for a violation of her federal constitutional rights and you may not compensate her on her state law claims.

However, if you find for the plaintiff on both the federal and state constitutional law claims, you are instructed that the harm, if any, plaintiff has suffered for any of the alleged wrongs committed by the defendants is the same.  That is to say, all of plaintiff's damages are identical, no matter what the legal basis of recovery might be.

In making your award of damages, if any, you should decide upon one award of damages which encompasses all wrongs.

Authority: Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996), Lewis v. Kendrick, 944 F.2d 949, 954 (1st. Cir. 1991), Quezada v. County of Bernalillo, 944 F.2d 710, 723 (10th Cir. 1991), Gilmere v. City of Atlanta, 864 F.2d 734, 740-41 (11th Cir.), cert denied, 493 U.S. 817 (1989), Clapplier v. Flynn, 605 F.2d 519, 529 (10th Cir. 1979), Dellums v. Powell, 566 F.2d 216, 225-228 (D.C. Cir. 1977).

The plaintiff is not entitled to damages based solely on the subjective importance of the constitutional right allegedly violated.  In other words, violation of a constitutional right, in and of itself, does not entitle plaintiff to an award of damages.  Your award, if any, should be based upon proof of actual injuries, not a demonstrated infringement of an abstract constitutional right.

Authorioty: Memphis Community School District v. Stachura, 477 U.S. 299 (1986), Carey v. Piphus, 435 U.S. 247 (1978), Wayne C. Beyer, Police Misconduct: Principles Governing Money Damages and Other Relief Under 42 U.S.C. § 1983, 32 TORT & INSURANCE LAW JOURNAL 154, 157-59 (ABA 1996).

### c.        Punitive Damages

Punitive damages may be awarded against the defendant to punish the offender and to deter others from committing similar wrongs.  You may not award punitive damages unless you find that the defendant's conduct was motivated by evil motive or intent, or it involved reckless indifference or callous indifference to the federally protected rights of the plaintiff.

Authority: Smith v. Wade, 461 U.S. 30 (1983); Morgan v. Woesner, 997 F.2d 144, 1255 (9th Cir. 1993); Angarita v. St. Louis County, 981 F.2d 1537, 1546, 1548 (8th Cir. 1992); Davis v. Mason County, 927 F.2d 1473, 1485 (9th Cir. 1991).

### d.        Special Verdict With Interrogatories

When you retire to the jury room to conduct your deliberations, I will ask you to record your findings on a special verdict form which the clerk will provide for you.  The special verdict form contains a number of interrogatories to which you are asked to respond either "YES" or "NO."  You should carefully follow the instructions contained on the special verdict form, and answer each and every one of the interrogatories on the special verdict form except where the instructions indicate otherwise.  Your response to each interrogatory must be unanimous, and must reflect the conscientious judgment of each juror.

Should you need to reach the damages issue, the special verdict form also contains appropriate spaces in which you are asked to record the amount of damages to be awarded.  As with your answers to each of the questions contained on the form, your award of damages, if any, must be unanimous and must reflect the conscientious judgment of each juror.

Authority:  Adapted from Modern Federal Jury Instructions § 78.01, Instruction No. 78-8 (1993).

The defendants respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference.

This request is made in abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.


THE DEFENDANTS,


10

JAMES RIO, BRIAN KILLIANY, JAMES
JEPSEN, WILLIAM TYLER, ANGELA
DESCHENES AND SHAWN BROWN

<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
(860) 249-1361
(860) 249-7665 (fax)

## <u>CERTIFICATION</u>

This is to certify that on **January 30, 2008**, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III