UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.:  3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | JANUARY 30, 2008 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION IN LIMINE RE: EVIDENCE WITH REGARD TO DAMAGES**

**I.   BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. §§ 1983 and 1988 alleging unlawful search and seizure in violation of the Fourth Amendment.  The Plaintiff, specifically, alleges that her home was searched and property seized pursuant to a warrant issued without probable cause, such that the defendant officers could not have reasonably relied on the warrant.  The Defendants claim that, at all times, they acted with the objectively reasonable belief that they had probable cause to conduct the search and seizures.

The Defendant officers deny liability, and assert that all of their actions were reasonable under the circumstances.

**II.    LAW AND ARGUMENT**

The plaintiff indicates in her Trial Memorandum Order, dated January 28, 2008, that lawfully owned firearms that belonged to her and her late husband were seized by the defendants from her residence, located at 27 Tunxis Street.  She indicated at the time of her deposition that she paid attorney's fees on behalf of her son, Thomas, Walczyk, totaling $45,000.00, related to the subject incident.  (Elizabeth Walczyk's Depo. Trans. at 59-61; attached as **Exhibit A**.)  Any evidence related to the seized firearms and attorney's fees in support of a potential damages claim in this matter is irrelevant and, therefore, not admissible pursuant to Fed.R.Evid. 401 and 402.

Federal Rule of Evidence 401 provides the definition of "relevant evidence" as follows:

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence.

Federal Rule of Evidence 402 provides the following:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules proscribed by the Supreme Court, pursuant to statutory authority. *Evidence which is not relevant is not admissible.*

(Emphasis Added).

The plaintiff specifically testified at her deposition that the firearms at issue were her husband's.  (Elizabeth Walczyk's Depo. Trans. at 35.)

She did not inherit ownership of the guns until he died, well after the incident. (Id. at 55, 74, 75.) Thus, any evidence related to a damages claim by the plaintiff related to seizure of firearms found at 27 Tunxis Street, on the date of the incident, is irrelevant and accordingly, inadmissible pursuant to Fed.R.Evid. 401 and 402.

The Plaintiff's son, Thomas Walczyk, was originally a co-plaintiff in the instant matter. All claims brought by Mr. Walczyk, however, were dismissed upon the Court's granting of the defendants' Motion for Summary Judgment and the plaintiffs', including Thomas Walczyk's, appeal to the United States Court of Appeals for the Second Circuit, Walczyk v. Rio, 496 F.3d 139 (2d Cir. 2007). Thus, any evidence related to attorney's fees the plaintiff paid on behalf of her son in the underlying criminal matter and the instant civil matter, as a result of the dismissal of his claims, are irrelevant and inadmissible pursuant to Fed.R.Evid. 401 and 402.

### III.    CONCLUSION

For all the foregoing reasons, the defendants respectfully request that this Court grant the defendants' Motion in Limine, and preclude the plaintiff from offering any evidence related to a claim for damages for seizure of firearms.

DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN


By   /s/ Kristan M. Maccini
   John J. Radshaw, III, ct19882
   Kristan M. Maccini, ct25121
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1121
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail: jradshaw@hl-law.com
   E-Mail: kmaccini@hl-law.com

**CERTIFICATION**

      This is to certify that on January 30, 2008, a copy of the foregoing **Defendants' Memorandum of Law In Support of Motion in Limine Re: Evidence With Regards to Damages** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106

                                                         /s/ Kristan M. Maccini
                                                         John J. Radshaw, III
                                                         Kristan M. Maccini