UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | JANUARY 30, 2008 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: EXPERT TESTIMONY OF BRIAN ROYCE AND WILLIAM KINAHAN**

## I. BACKGROUND

This is a civil rights case brought by the Plaintiff under 42 U.S.C. §§ 1983 and 1988 alleging unlawful search and seizure in violation of the Fourth Amendment. The Plaintiff, specifically, alleges that her home was searched and property seized pursuant to a warrant issued without probable cause, such that the defendant officers could not have reasonably relied on the warrant. The Defendants claim that, at all times, they acted with the objectively reasonable belief that they had probable cause to conduct the search and seizures.

The Defendant officers deny liability, and assert that all of their actions were reasonable under the circumstances.

## II. LAW AND ARGUMENT

The plaintiff indicates in her Trial Memorandum Order, dated January 28, 2008, that she intends to call as a witness at the time of trial Brian Royce and William Kinahan of the West Hartford Police Department. She further indicates that Mr. Royce will testify to, inter alia, the "policies and procedures followed by SWAT in mutual assistance situations." She indicates that William Kinahan will be offered to give similar testimony.

The proffered testimony of Mr. Royce and Mr. Kinahan is improper pursuant Fed.R.Evid. 701 and 702.

Federal Rule of Evidence 701 states regarding opinion testimony by lay witnesses:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Federal Rule of Evidence 702 provides the following as regards testimony by experts:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods,

>and (3) the witness has applied the principles and methods
>reliably to the facts of the case.

Thus, subsection (c) of Rule 701 explicitly bars the admission of lay opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Advisory Committee explained that the purpose of Rule 701(c) is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed.R.Evid. 701 advisory committee's note. See also Weinstein's Federal Evidence § 701.03[4] ("The purposes of [701(c )] are twofold. First, it ensures that evidence qualifying as expert testimony under Rule 702 will not evade the reliability scrutiny mandated by the Supreme Court's *Daubert* decision and the 2000 amendment to Rule 702. Second, it also provides assurance that parties will not use Rule 701 to evade the expert witness pretrial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure and Rule 16 of the Federal Rules of Criminal Procedure.") This is what the Plaintiff, here, is attempting to do.

Accordingly, any testimony by Mr. Royce or Mr. Kinahan related to policies and procedures followed by SWAT, in mutual assistance situations, or other such expert testimony, is not admissible pursuant to Fed.R.Evid. 701. Further, such testimony is not admissible pursuant to Fed.R.Evid. 702, as the plaintiff has failed to satisfy the reliability requirements set forth in that rule. Specifically, there is no indication, inter alia, that Mr. Royce or Mr. Kinahan has the requisite minimal education and experience in the field upon which their testimony is offered.

Moreover, the Defendants, at this late date, would be severely prejudiced in preparing to meet the testimony of these expert witnesses. Accordingly, the proffered expert testimony as referenced above should be excluded by this Court.

### III.  CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from offering as evidence the expert opinions and testimony of Brian Royce and William Kinahan.

DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN

By____/s/ Kristan M. Maccini____
  John J. Radshaw, III, ct19882
  Kristan M. Maccini, ct25121
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114-1121
  (860) 249-1361
  (860) 249-7665 (fax)
  E-Mail: jradshaw@hl-law.com
  E-Mail: kmaccini@hl-law.com

**CERTIFICATION**

  This is to certify that on January 30, 2008, a copy of the foregoing **Defendants' Memorandum of Law In Support of Motion in Limine Re: Expert Testimony of Brian Royce and William Kinahan** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106

               <u>/s/ Kristan M. Maccini</u>
               John J. Radshaw, III
               Kristan M. Maccini