UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.:  3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | JANUARY 30, 2008 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION IN LIMINE RE: DEPOSITION TRANSCRIPT OF BRIAN ROYCE**

**I.    BACKGROUND**

    This is a civil rights case brought by the Plaintiff under 42 U.S.C. §§ 1983 and 1988 alleging unlawful search and seizure in violation of the Fourth Amendment.  The Plaintiff specifically alleges that her home was searched and property seized pursuant to a warrant issued without probable cause, such that the defendant officers could not have reasonably relied on the warrant.  The Defendants claim that, at all times, they acted with the objectively reasonable belief that they had probable cause to conduct the search and seizures.

    The Defendant officers deny liability, and assert that all of their actions were reasonable under the circumstances.

**II.** **LAW AND ARGUMENT**

"In considering the use of depositions at a trial . . . the problem has two aspects. First, the conditions set forth in Rule 32(a) *must* exist before the deposition can be used at all.  Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence." Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y.1985) (internal citations and quotations omitted); see also Frechette v. Welch, 621 F.2d 11, 14 (1st Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were met).

> **A.** **The Plaintiff is Precluded From Introducing the Deposition Transcripts of Nonparties Because the Plaintiff's Proposed Use Does Not Meet the Requirements of Federal Rules of Civil Procedure 32.**

The Plaintiff impermissibly seeks to offer excerpts of the deposition testimony of Brian Royce, a nonparty to the above captioned action, as an exhibit.  Federal Rules of Civil Procedure 32 provides for the limited use of depositions at trial as follows:

> **(a) Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

> **(1)** Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
>
> **(2)** The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.
>
> **(3)** The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> **(A)** that the witness is dead; or
>
> **(B)** that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>
> **(C)** that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or
>
> **(D)** that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> **(E)** upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

The Plaintiff has failed to demonstrate that any of the provisions of Rule 32 that would allow the use of nonparty deposition transcripts exist.

Furthermore, while the Defendants do not object to the use of excerpts of Mr. Royce's deposition transcript to **impeach** this witness, it is wholly inappropriate to

simply submit excerpts of his deposition transcript a trial exhibit.  The Federal Rules of Civil Procedure provide, "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise."  Fed.R.Civ.P.43.  There is no doubt that a deposition transcript is testimony that must be taken in open court.

>    B.   **The Deposition Transcript of the Nonparty Witness, Brian Royce, is Inadmissible Hearsay Under the Federal Rules of Evidence Because There is No Showing This Witness is Unavailable.**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed.R.Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed.R.Evid. 802.

In this case, the Plaintiff seeks to introduce excerpts of the deposition transcript of nonparty witness, Brian Royce, to prove the truth of the matters contained therein.  As such, the excerpts of the transcript are inadmissible hearsay.

The Plaintiff may cite to Fed.R.Evi. 804(b)(1) *Former Testimony*.  However, former testimony, pursuant to Federal Rules of Evidence 804, is only admissible if the declarant is unavailable.  There is no indication that Mr. Royce is unavailable.  "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."  Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939).  As such, no hearsay exception applies.

### III. **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing excerpts from the deposition transcript of the nonparty witness, Brian Royce, at trial.

DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN

By     /s/ Kristan M. Maccini
John J. Radshaw, III, ct19882
Kristan M. Maccini, ct25121
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
(860) 249-1361
(860) 249-7665 (fax)
E-Mail: jradshaw@hl-law.com
E-Mail: kmaccini@hl-law.com

**CERTIFICATION**

      This is to certify that on January 30, 2008, a copy of the foregoing **Defendants' Memorandum of Law In Support of Motion In Limine Re: Deposition Transcript of Brian Royce** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106

                                        /s/ Kristan M. Maccini
                                        John J. Radshaw, III
                                        Kristan M. Maccini