UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | JANUARY 30, 2008 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
IN LIMINE RE: DEPOSITION TRANSCRIPTS OF DEFENDANTS JAMES RIO,
JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN**

I.   **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. §§ 1983 and 1988 alleging unlawful search and seizure in violation of the Fourth Amendment. The Plaintiff, specifically, alleges that her home was searched and property seized pursuant to a warrant issued without probable cause, such that the defendant officers could not have reasonably relied on the warrant. The Defendants claim that, at all times, they acted with the objectively reasonable belief that they had probable cause to conduct the search and seizures.

The Defendant officers deny liability, and assert that all of their actions were reasonable under the circumstances.

**II.** <u>**LAW AND ARGUMENT**</u>

The Federal Rules of Civil Procedure provide, "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." Fed.R.Civ.P. 43. Federal Rules of Evidence 403 and 404 provide for the exclusion of irrelevant evidence and relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**A.   The Plaintiff Is Precluded From Introducing The Deposition Transcripts of the Defendants, James Rio, James Jepsen, William Tyler, Angela Deschenes, and Shawn Brown, Because The Proposed Use Violates Federal Rules of Civil Procedure 43.**

There is no doubt that a deposition is testimony. <u>See</u> Fed.R.Civ.P. 30 ("[a] party may take the *testimony* of any person, including a party, by *deposition* upon oral examination") (emphasis added). "A deposition is a record of testimony taken outside of the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a jury can regard it as equivalent to testimony delivered inside the courtroom under oath." <u>Windsor Shirt Co. v. New Jersey Nat. Bank,</u> 793 F.Supp. 589, 606 (E.D. Pa. 1992).

While Fed.R.Civ.P. 32 allows the use of party depositions for impeachment and other purposes, the Plaintiff may not submit the deposition transcript as an exhibit because testimony must be presented in open court. Fed.R.Civ.P. 43. The transcript,

the paper or document itself, has no meaning independent of the testimony contained therein.  Rule 43 **requires** testimony be given in open court.  "The emphasis on testimony in open court was incorporated into the [Rule 43] to combat the early practice in equity of providing juries with edited depositions of witnesses' testimony."  Moore's Federal Practice § 43.02[2] 3rd. Ed.  Prohibiting parties from merely submitting deposition transcripts as exhibits is consistent with the original purpose because it prevents the members of the jury from self-editing such testimony by reading only the portions they want to read.

      The Court of Appeals for the Fifth Circuit stated the following of a district court's decision to submit deposition testimony to a jury to read rather than presenting it in open court:

> We view with considerably greater concern, however, the district court's practice in this case of requiring the parties to provide excerpts of depositions to the jury, rather than allowing this testimony to be read in open court.  Such a practice requires the jury to spend time outside the courtroom, over and above a full day in the courtroom. The jury's reading of the deposition excerpts was thus totally outside the supervision of the trial judge.  Indeed, the procedure followed incurs a real risk that the jurors merely took the excerpts home and brought them back the next day unread and, thus, reached a verdict without having considered all the evidence.

Stine v. Marathon Oil Co., 976 F.2d 254, 267 (5th Cir. 1992).

      While the Plaintiff is not proposing the jury take the transcripts home, the same concerns of the Fifth Circuit Court of Appeals cited above apply.  Although the jury does not have the ability to evaluate the demeanor of the witness when testimony is read from a deposition transcript in open court, at a minimum, requiring same rather

than the submission of portions of the transcripts as exhibits will at least require the jury to hear the testimony in its entirety.

> **B.    The Deposition Transcripts of the Defendants, James Rio, James Jepsen, William Tyler, Angela Deschenes, and Shawn Brown, Are Inadmissible Pursuant to The Rules of Evidence Because They Contain Inadmissible Information, and Their Submission Will Result In Undue Delay, Waste of Time, and Needless Presentation of Cumulative Evidence.**

In addition, the Defendants' deposition transcripts are inadmissible pursuant to the Federal Rule of Evidence 403.

First, the excerpts of the transcripts should not be presented as an exhibit because this unfairly prejudices the Defendants by placing emphasis on their deposition testimony, with little or no probative value, because, the Defendants will already be testifying at the trial and subject to cross-examination and impeachment.

Further, submission of the transcripts to the jury as an exhibit will result in a needless presentation of cumulative evidence because the Defendant's are already testifying at trial.  "[W]e believe as a general rule the better practice is for the court in the first instance to require counsel to specify the particular portions [of a deposition] that are deemed relevant and to limit the offer accordingly." Pursche v. Atlas Scraper & Engineering Co., 300 F.2d 467, 488 (C.A.Cal. 1961).  District Courts, "notwithstanding Fed.R.Civ.P. 32(a)(2), may reject repetitious testimony." Gauthier v. Crosby Marine Service, Inc., 752 F.2d 1085, 1089 (5th Cir.1985).  The Court, therefore, may exclude submission of the deposition transcripts because it would

4

result in needless presentation of cumulative evidence, while still allowing their fair use for cross-examination and impeachment purposes.

Furthermore, the excerpts of the depositions transcripts the Plaintiff seeks to offer as exhibits are riddled with inadmissible hearsay, questions lacking foundation, inadmissible testimony, and numerous questions submitted in objectionable form.  As such, Counsel and the Court would be forced to hold a trial within a trial to make rulings on all such objectionable and impermissible material and redact the transcripts accordingly before submitting them to the jury.  This is not a proper use of the Court's time when the witnesses will already be testifying.

Accordingly, excerpts of the Defendants' deposition transcript should be excluded by the Court on this additional basis.

### III.     CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from submitting excerpts of the Defendants' deposition transcripts to the jury as exhibits.

DEFENDANTS,
JAMES RIO, BRIAN KILLIANY, JAMES
JEPSEN, WILLIAM TYLER, ANGELA
DESCHENES AND SHAWN BROWN


By_____/s/ Kristan M. Maccini_____
   John J. Radshaw, III, ct19882
   Kristan M. Maccini, ct25121
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1121
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail: jradshaw@hl-law.com
   E-Mail: kmaccini@hl-law.com

**CERTIFICATION**

      This is to certify that on January 30, 2008 a copy of the foregoing **Memorandum of Law in Support of Motion in Limine Re: Deposition Transcripts of Defendants** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106


                                              /s/ Kristan M. Maccini
                                              John J. Radshaw, III
                                              Kristan M. Maccini