UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL., | : | NO. :3:02 CV 1536 (RNC) |
|    Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL., | : | |
|    Defendants. | : | FEBRUARY 1, 2008 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE

**I.   FACTS**

This case is brought by the Plaintiff under Title 42 United States Code §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and under Article I, § 7 of the Constitution of the State of Connecticut.  The plaintiff, Elizabeth Walczyk, claims that the defendants searched and seized items from her home in Farmington, that she shared with her late husband, when there was no probable cause to do so.  She claims that the defendants obtained a search warrant that was issued in reckless disregard for the truth concerning the residency of her adult son, Thomas Walczyk, and that defendants lacked probable cause to search her home.  Lawfully-owned firearms and other items that belonged to the plaintiff and her husband were seized by the defendants, and both they and their house were videotaped on or about September 7, 1999.  Thus, Elizabeth Walczyk claims that her federal and state constitutional rights to be free from illegal searches and seizures were violated.

On a previous occasion this court has ruled that the warrant that the defendants obtained to search the plaintiff's home failed to set forth probable cause to justify that search, in violation of the constitution.  According to the plaintiff, the warrant omitted the

key fact that her son, Thomas Walczyk, had not lived at her residence for at least seven years before the search.

Further, upon entering the plaintiff's residence, the officers were informed that none of Thomas Walczyk's firearms were kept there, but the defendants continued to search and seize the plaintiff's property, invading her privacy and videotaping her and her late husband, along with the rest of the interior of the house.

## II.   ARGUMENT

The defendants list Thomas Walczyk as a witness in their trial management order stating that he may testify concerning "the land dispute with Barbarino, his prior interaction with the Farmington Police Department, his possession and use of firearms." Any testimony or evidence offered on these matters would be irrelevant, unduly prejudicial, and has no bearing on the remaining matters to be decided by a jury. The only purpose for offering this evidence would be to confuse and create prejudice for the jury by trying to make it believe that Thomas Walczyk was an irresponsible, reckless and/or threatening individual, even if he had no belongings at 27 Tunxis Street, and had not resided there for years.

> Federal Rule of Evidence 401 states in relevant part:
>
> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without evidence.
>
> Federal Rule of Evidence 402 states in relevant part:
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 403 states in relevant part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

All claims brought by Thomas Walczyk were dismissed when the United States Court of Appeals for the Second Circuit granted defendants' motion for summary against Thomas Walczyk, making all matters related to him, other than his residence, irrelevant. *Walczyk v. Rio,* 496 F. 3d 139 (2d Cir. 2007). The issue to be determine now is whether the defendants obtained a search warrant for 27 Tunxis Street with reckless disregard for the truth, knowing that Thomas Walczyk had not resided at that address for at least seven years. Thus the factual dispute is whether the defendants had arguable probable cause to search 27 Tunxis Street. The jury will not be asked to make any determination about firearms belonging to Thomas Walczyk that were taken from 28 Tunxis Street.

Furthermore, Thomas Walczyk's land dispute with the Barbarino Development Corporation is not relevant to the residence he maintained or where his property was stored when the search warrant was prepared and or conducted at 27 Tunxis Street. Likewise, Thomas Walczyk's prior interaction with the Farmington Police Department and his lawful possession and/or use of firearms are irrelevant to the residence he maintained in September, 1999. Therefore, in accordance with Federal Rules of Evidence 401 and 402 the evidence must be precluded as irrelevant as it does make any issue to be decided by the jury any more or any less probable.

Finally, even if these matters were relevant they would have to be precluded by

Federal Rule of Evidence 403 because they create an unfair prejudice and are being offered in an effort to mislead and confuse the jury from the matter at hand. Relitigating any land disputes involving Thomas Walczyk would necessarily require a determination of whether Thomas had a good faith basis to continue with his case – something that has nothing to do with this action.

### III. CONCLUSION

For all the foregoing reasons, the plaintiff respectfully requests that this court grant her motion in limine and preclude all evidence listed above as it is irrelevant and unduly prejudicial to the present case.

        THE PLAINTIFF,
By: /s/ Jon L. Schoenhorn
    Jon L. Schoenhorn
    Jon L. Schoenhorn & Associates, LLC
    108 Oak Street
    Hartford, CT 06106
    Fed. Bar No. Ct 00119

### **CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/ Jon L Schoenhorn
    Jon L. Schoenhorn