UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL., | : | NO. :3:02 CV 1536 (RNC) |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL., | : | |
|     Defendants. | : | FEBRUARY 1, 2008 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE:EVIDENCE WITH REGARD TO DAMAGES

The plaintiff respectfully requests that the defendants' motion in limine re: evidence with regard to damages be denied for the following reasons.

I.  **FACTS**

This case is brought by the Plaintiff under Title 42 United States Code §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and under the Constitution of the State of Connecticut, Article I §7.  The plaintiff, Elizabeth Walczyk, claims that the defendants searched and seized items from her home in Farmington, that she shared with her late husband, when there was no probable cause to do so.  Thus, Elizabeth Walczyk claims that her federal and state constitutional rights to be free from illegal searches and seizures were violated.

On a previous occasion this court has ruled that the warrant that the defendants obtained to search the plaintiff's home failed to set forth probable cause to justify that search, in violation of the constitution.  According to the plaintiff, the warrant omitted the key fact that her son, Thomas Walczyk, had not lived at her residence for at least seven years.

Further, upon entering the plaintiff's residence, the officers were informed that

none of Thomas Walczyk's property was kept there, but the defendants continued to search and seize the plaintiff's property, invading her privacy and videotaping her and her late husband, along with the contents of her residence.

## II.     ARGUMENT

The plaintiff does not seek to offer any evidence with respect to damages resulting from the payment of attorney's fees by Elizabeth Walczyk on behalf of Thomas Walczyk.  The plaintiff does however seek to introduce evidence of damages she incurred resulting from the seizure of firearms found at 27 Tunxis Street.

Federal Rule of Evidence 401 states in relevant part:

"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without evidence.

Federal Rule of Evidence 402 states in relevant part:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Under the federal rules of evidence any damages incurred resulting from the unlawful seizure of the firearms at 27 Tunxis Street is clearly relevant and must be considered by the jury.  The plaintiff in fact incurred the expense of hiring an attorney to reclaim these weapons from the police.  The emotional damage that the search and seizure caused plaintiff is also clearly, relevant.  The plaintiff also suffered emotional damage as a result of witnessing her husbands reaction to the seizure of these weapons as he was visibly distressed and was not physically well at the time of the search.  Even if the court held that the plaintiff could not collect for any damage to the

firearms at 27 Tunxis Street, this evidence would still be relevant to show emotional damages and the consequences caused by the wrongful actions of the defendants. Furthermore, as Connecticut is a community property state, it is irrelevant if the guns were primarily kept by Lucien Walczyk as the defendant claims, as long as they were acquired during the marriage. *See* Connecticut General Statute §45a-460.  The property passed to the plaintiff upon her husband's death, which occurred before the firearms were returned.  Therefore, in accordance with Federal Rules of Evidence 401 and 402 the evidence must not be precluded as irrelevant as this evidence makes the issues to be decided by the jury more or less probable and the defendants' motion in limine must be denied.

### III.   CONCLUSION

For all the foregoing reasons, the plaintiff respectfully requests that this court deny the defendants' motion in limine re: evidence with regard to damages.

>THE PLAINTIFF,
>By: /s/ Jon L. Schoenhorn
>      Jon L. Schoenhorn
>      Jon L. Schoenhorn & Associates, LLC
>      108 Oak Street
>      Hartford, CT 06106
>      Fed. Bar No. Ct 00119

### CERTIFICATION

I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the

court's CM/ECF System.

                                                     /s/ Jon L Schoenhorn
                                                     Jon L. Schoenhorn