UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL., | : | NO. :3:02 CV 1536 (RNC) |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL., | : | |
|     Defendants. | : | FEBRUARY 1, 2008 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE:EXPERT TESTIMONY OF BRIAN ROYCE AND WILLIAM KINAHAN**

The plaintiff respectfully request that the defendants' motion in limine re: expert testimony of Brian Royce and William Kinahan be denied for the following reasons.

**I.   FACTS**

This case is brought by the Plaintiff under Title 42 United States Code §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and under the Constitution of the State of Connecticut Article I §7.  The plaintiff, Elizabeth Walczyk, claims that the defendants searched and seized items from her home in Farmington, that she shared with her late husband, when there was no probable cause to do so. She further claims that the defendants obtained a search warrant that was issued in reckless disregard for the truth concerning the residency of her adult son, Thomas Walczyk, and that they, therefore, lacked probable cause to search her home.  William Kinahan were present when this search and seizure occurred.  Kinahan, in fact documented the illegal search with a video, which plaintiff intends to introduce.  **II.   ARGUMENT**

The defendant argues that under Federal Rules of Evidence 701 and 702 that

both Officers Brian Royce and William Kinahan testimony will constitute expert testimony when this is simply not the case. Officer Brian Royce will testify that "the defendants requested the assistance of the West Hartford SWAT team to assist in the execution of the search at 27 Tunxis Street and policies and procedures followed by SWAT in mutual assistance situations, including what one or more of the defendants told him about the circumstances that required their intervention." Officer Royce is not testifying in the capacity of an expert, but is testifying to what actually occurred here and what he personally witnessed. As a witness to the unconstitutional actions of the defendants he will testify as to his involvement and what policy and procedure he followed that day while providing assistance to the defendants. Officer Royce is not testifying to any "scientific, technical or specialized knowledge." In accordance with Federal Rule of Evidence 701 Officer Royce's testimony will be limited to "those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

     Detective William Kinahan will testify "regarding the search on September 7, 1999 at 27 Tunxis Street, Farmington, a video taken by him, and instructions that were given concerning same." For the same reasons as listed above Detective William Kinahan's testimony can not be considered expert testimony. Detective William Kinahan will only be testifying to what his personal involvement was in the search of 27 Tunxis Street and not to any technical or scientific procedure as is suggested by the defendants.

## III.    CONCLUSION

For all the foregoing reasons, the plaintiff respectfully requests that this court deny the defendants' motion in limine re: expert testimony of Brian Royce and William Kinahan.

>
> THE PLAINTIFF,
> By: /s/ Jon L. Schoenhorn
>     Jon L. Schoenhorn
>     Jon L. Schoenhorn & Associates, LLC
>     108 Oak Street
>     Hartford, CT 06106
>     Fed. Bar No. Ct 00119

## **CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

>    /s/ Jon L Schoenhorn
>    Jon L. Schoenhorn