UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS WALCZYK, ET AL.,        :        NO. :3:02 CV 1536 (RNC)
    Plaintiffs        :
                :
v.        :
                :
JAMES RIO, ET AL.,        :
    Defendants.        :        FEBRUARY 1, 2008

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE:DEPOSITION TRANSCRIPTS OF DEFENDANTS JAMES RIO, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN

_____The plaintiff respectfully request that the defendants' motion in limine re: deposition transcripts of Defendants James Rio, James Jepsen, William Tyler, Angela Deschenes and Shawn Brown be denied for the following reasons.

## I.    FACTS

This case is brought by the Plaintiff under Title 42 United States Code §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and under the Constitution of the State of Connecticut, Article I §7.  The plaintiff, Elizabeth Walczyk, claims that the defendants searched and seized items from her home in Farmington, that she shared with her late husband, when there was no probable cause to do so. She claims that the defendants obtained a search warrant that was issued in reckless disregard for the truth concerning the residency of her adult son, Thomas Walczyk, and that they lacked probable cause to search her home.

## II.    ARGUMENT

The defendants argue that the depositions excerpts of the defendants should be precluded because their admission would violate the Federal Rules of Civil Procedure

and that their admission will result in an undue delay and waste of time.  The defendants are simply wrong in their assertions.  Federal Rule of Civil Procedure 32 expressly allows the defendants' depositions to be introduced as evidence in a court proceeding.  See Federal Rule of Civil Procedure § 32(a)(3).  Furthermore, Federal Rule of Evidence 801(d)(2) also allows these statements of defendants to be introduced as evidence because they are admissions of a party-opponent and, therefore, are not hearsay.

The introduction of these exhibits is hardly an effort to waste this court's time and, in fact, will allow for more efficient, concise, and faster examinations of the defendants.  The plaintiff is not required to call the defendants as witnesses.  There will not be a needless presentation of cumulative evidence as these exhibits will be able to be used in the plaintiff's case in chief.  Plaintiff should not and need not have to wait until the defendants' case in chief to ask these questions, wait to introduce these sections in order to refresh the defendants' recollection.  As to the defendants' further objections that the sections of defendants depositions are riddled with hearsay and objectionable material, the defendants do not specify which sections they claim are objectionable, and as a result, the plaintiff is unable to respond or address these allegations.

III.    **CONCLUSION**

For all the foregoing reasons, the plaintiff respectfully requests that this court

deny the defendants' motion in limine re: deposition transcripts of Defendants James

Rio, James Jepsen, William Tyler, Angela Deschenes and Shawn Brown .

THE PLAINTIFF,
By: /s/ Jon L. Schoenhorn
    Jon L. Schoenhorn
    Jon L. Schoenhorn & Associates, LLC
    108 Oak Street
    Hartford, CT 06106
    Fed. Bar No. Ct 00119

**CERTIFICATION**

I hereby certify that on the above date, a copy of the foregoing document was
filed electronically and served by mail on anyone unable to accept electronic filing.
Notice of this filing will be sent by e-mail to all parties by operation of the court's
electronic filing system or by mail to anyone unable to accept electronic filing as
indicated on the Notice of Electronic Filing.  Parties may access this filing through the
court's CM/ECF System.

    /s/ Jon L Schoenhorn
    Jon L. Schoenhorn