UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL., | : | NO. 3:02 CV 1536 (RNC) |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL., | : | |
|     Defendants. | : | FEBRUARY 4, 2008 |

**PLAINTIFF'S MEMORANDUM RE: TRIAL EVIDENCE**

    During a pre-trial conference with the court on February 1, 2008, the court asked the undersigned to address the issue concerning the theory of liability regarding defendants Deschenes and Brown, in light of footnote 22 of the Second Circuit's decision in *Walcyzk v. Rio*, 496 F.3d 139 (2d Cir. 2007).  The plaintiff intends to demonstrate that defendants Jepsen and Killiany were supervisors at the scene and learned that Thomas did not reside at 27 Tunxis Street, yet deliberately ignored that information.  As to Deschenes and Brown, they were the affiants on the search warrant.  This memorandum will address the question raised; that is, whether police officers who actually swear to the truth of an affidavit for which they have no personal knowledge, and who fail to disclose that the information came from others, are entitled to rely on the defense of "just following orders" if the warrant fails to establish probable cause and contains false or misleading information.

    The Second Circuit quoted from *Whiteley v. Warden*, 401 U.S. 560, 568 (1971), where the Supreme Court noted that "police officers called upon to aid other officers in executing . . . warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause."  The Supreme Court went on to state: "Where, however, the contrary turns out to be true, an otherwise illegal arrest [or search] cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest [or search]." *Id*.

    In this case, it is the affiants themselves, Deschenes and Brown, who swore to the truth of an affidavit utterly lacking in probable cause, who are seeking to avail

themselves of the unwitting assisting officer defense.  They are the "instigating officer[s]".  They were not simply called upon to assist others who presented an otherwise defective warrant to a judge.  At no point in the search warrant affidavit do the affiants claim that the information contained therein was obtained from "brother officers."  To the contrary, the affidavit itself suggests that the information therein is based on only the affiants' personal knowledge.  Thus, it is just as misleading as if, say, they had failed to disclose that the information came from a confidential informant or an anonymous tipster.  A Connecticut Superior Court judge would have no way of knowing that the information set forth in the affidavit was not based upon first-hand knowledge of the affiants.  In contrast, in *Varrone v. Bilotti*, 123 F.3d 75, 81 (2d Cir. 1997), also cited in footnote 22 of the *Walczyk* opinion, the issue was whether the subordinate officers instructed by superiors to perform a strip search were entitled to qualified immunity because they had no reason to question the lawfulness of the superiors' orders.

    Here, it is plain from a review of the affidavit that it lacked probable cause to search 27 Tunxis Street, and that the general claim that Thomas Walczyk "has maintained residences" at both addresses did not ameliorate its clearly misleading nature.

    The evidence will show that Deschenes, at least, was involved, as a shift commander, in the discussions with Rio and Tyler, about whether there was probable cause for the arrest of Thomas Walczyk and the issuance of the search warrant. While the evidence of Brown's involvement is somewhat more nebulous, what is clear, by his own admissions, is that the underlying reports that formed the basis for the information contained in the affidavit were available to him before he signed the affidavit, and that he, himself, concluded there was probable cause without bothering to read them.

    In *Raysor v. Port Authority*, 768 F.2d 34, 38 (2d Cir. 1985), *cert. denied*, 475 U.S. 1027 (1986), the Court of Appeals cited the Restatement (Second) of Agency § 343 comments b and d (1958) in concluding that a police officer who took part in a

warrantless arrest at the behest of a sergeant, was not relieved of liability for the constitutional tort, merely because he acted at the command of a superior officer. As comment d of § 343, set forth in the *Raysor* opinion, states:

> An agent who assists another agent or the principal to commit a tort is normally himself liable as a joint tort feasor for the entire damage. Thus, . . . deputy sheriffs who take part in an unlawful arrest . . . are subject to liability with those for whom they act, except where their good faith creates a privilege in them to act.

If an affiant to a warrant had no inkling whether in any given case there was any truth to his/her sworn statements, then it is conceivable in some cases for everyone involved to escape liability for a blatant unconstitutional act, simply by hiding behind a straw man without knowledge, since the superior officers' fingerprints are not on the warrant. The plaintiff submits that this is not what the "just following orders" defense is about. Indeed, whether or not either affiant knew whether the information about Thomas' address was false or misleading, they had a duty to find out before swearing to its truth. Otherwise why should officers ever disclose the source of their knowledge?

Other federal circuit decisions on the defense of "just following orders" demonstrate that there is no immunity from liability where officers knew or should have known that information did not support a probable cause finding. *See, Hare v. City of Corinth*, 36 F.3d 412, 416 (5th Cir. 1994) (no qualified immunity for officers following orders "if they know or should have known that their [conduct] violates the plaintiff's constitutional rights"), citing *Villaneuva v. George*, 659 F.2d 851, 855 (8th Cir. 1981) (en banc); *Forsyth v. Kleindienst*, 599 F.2d 1203, 1217 (3d Cir. 1979), *cert. denied*, 453 U.S. 913 (1981)("if [officers] knew or should have known that their actions were violating the plaintiffs' constitutional rights, then they will not be allowed to hide behind the cloak of institutional loyalty"); *Thaddeus-X v. Blatter*, 175 F.3d 378, 393 (6th Cir. 1999)("Reliance on a superior's orders does not in itself dissipate all liability.")

Consequently, defendants Brown and Deschenes are not entitled to qualified immunity for their part in the unconstitutional search of Elizabeth Walczyk's home.

Dated at Hartford, Connecticut this 4th day of February, 2008.

PLAINTIFF – ELIZABETH WALCYZK

By:/s/ Jon L. Schoenhorn
JON L. SCHOENHORN, ESQ.
Federal Bar Number ct00119
108 Oak Street
Hartford, CT 06106
Tel. 860-278-3500
E-Mail: civlrights@aol.com

## **CERTIFICATION**

    I hereby certify that on the above date, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/ Jon L. Schoenhorn
Jon L. Schoenhorn

C:\Documents and Settings\Jon\My Documents\WP Docs\Federal Court\Walczyk\memo-following orders.wpd