UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | FEBRUARY 4, 2008 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: TESTIMONY OF THOMAS WALCZYK**

The defendants in the above-captioned matter hereby submit this Opposition Memorandum to the Plaintiff's Motion in Limine Re: Testimony of Thomas Walczyk, dated January 31, 2008. As more specifically set forth below, because the proffered testimony of Thomas Walczyk is relevant to the defendants' defense of qualified immunity and concerns of prejudice, confusion or waste of time do not outweigh its probative value; this Court should deny the plaintiff's motion.

**I.   LAW AND ARGUMENT**

The plaintiff specifically requests that this Court preclude "the defendants from introducing any evidence involving prior land disputes made by Thomas Walczyk, any evidence referencing any lawful possession and use of a firearm by Thomas Walczyk, and any evidence of prior interactions that Thomas Walczyk had with the Farmington police." Because such testimony/evidence is material and relevant to the defendants'

defense of qualified immunity in this matter and its probative value is not outweighed by any prejudice to the plaintiff, the testimony should be found admissible by this Court.

Federal Rule of Evidence 401 relevant evidence as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Federal Rule of Evidence 402 states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 403 provides the following regarding limited situations in which relevant evidence may be excluded:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The defendants are entitled to qualified immunity for the search of Elizabeth Walczyk's home if the search was supported by "arguable probable cause." "Arguable probable cause exists "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could

disagree on whether the probable cause test was met.'" <u>Walczyk v. Rio</u>, 496 F.3d 139, 163 (2d Cir. 2007). As set forth by the Second Circuit, of particular relevance to the defendants' claim of qualified immunity with respect to Elizabeth Walczyk's claims is, which officers, if any, possessed—or even should have possessed knowledge that the dual residency allegation with respect to Thomas Walczyk in the warrant affidavit was stale. (<u>Id</u>. at 163.)

Accordingly, at a minimum, Mr. Walczyk's testimony with regard to his prior interactions with the Farmington Police Department, in which he at times gave 27 Tunxis Street as his address and at others 28 Tunxis Street; and, with regard to his maintenance of 27 Tunxis Street as his listed address with the Department of Motor Vehicles up until 2003, is material and relevant to this specific issue. The plaintiff acknowledges that the residence of her son, Thomas Walczyk is relevant. (Plt's Mem. in Supp. Mot. in Limine at 3.) Accordingly, the defendants should be permitted to call Mr. Walczyk to testify on these issues.

Further, the testimony of Thomas Walczyk with respect to the land dispute with Barbariono and his possession of firearms, as described by the defendants' in their Amended Trial Management Order Compliance, dated January 31, 2008, is germane to the general issue of whether the defendants had arguable probable cause to search 27 Tunxis Street. The defendants should not be precluded from putting on a defense

by calling Mr. Walczyk to testify in this regard. Accordingly, the plaintiff's Motion in Limine should be denied by this Court.

## II. **CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the Court deny the Plaintiff's Motion in Limine Re: Testimony of Thomas Walczyk.

>
> DEFENDANTS,
> JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN
>
>
> By     /s/ Kristan M. Maccini
>    John J. Radshaw, III, ct19882
>    Kristan M. Maccini, ct25121
>    Howd & Ludorf, LLC
>    65 Wethersfield Avenue
>    Hartford, CT  06114-1121
>    (860) 249-1361
>    (860) 249-7665 (fax)
>    E-Mail: jradshaw@hl-law.com
>    E-Mail: kmaccini@hl-law.com

Result:
Page 5:

**CERTIFICATION**

   This is to certify that on February 4, 2008, a copy of the foregoing **Defendants' Memorandum in Opposition to Plaintiff's Motion in Limine Re: Testimony of Thomas Walczyk** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106

                /s/ Kristan M. Maccini
                John J. Radshaw, III
                Kristan M. Maccini