UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS WALCZYK, ET AL | : | NO.: 3:02CV1536 (RNC) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIO, ET AL | : | FEBRUARY 4, 2008 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE RE: DEPOSITION TRANSCRIPTS OF DEFENDANTS JAMES RIO, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN**

The defendants hereby reply to the Plaintiff's Memorandum in Opposition to the Defendants' Motion in Limine Re: Deposition Transcripts of Defendants James Rio, James Jepsen, William Tyler, Angela Deschenes and Shawn Brown.

The plaintiff maintains that Fed.R.Civ.P. 32(a)(3) "expressly allows the defendants' depositions to be introduced as evidence in a court proceeding." She further maintains that the deposition transcripts are admissible pursuant to Fed.R.Evid. 801(d)(2) as admissions of a party-opponent.

First, although Fed.R.Civ.P 32 provides for the *use* of depositions in court proceedings under certain circumstances, it does not provide for admission of the deposition transcript as an exhibit. On the contrary, Fed.R.Civ.P 32(c) provides in pertinent part: "***On any party's request, deposition testimony offered in a jury trial***

***for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise.***  (Emphasis added.)

The plaintiff does not seek to offer the defendants' deposition transcripts for impeachment purposes nor does she submit good cause why the transcripts should be entered as exhibits.  She indicates she does not even intend to call the defendants as witnesses.  Accordingly, provided the proffered excerpts of the deposition transcripts are admissible, which the defendants expressly deny, the defendants request that the excerpts be read in open court rather than admitted as exhibits to the jury.

Second, "[o]bjections to receipt in evidence of depositional testimony, in whole or in part, may be made at trial for any reason which would require exclusion of evidence if the witness was present and testifying at trial." <u>Reeg v. Shaughnessy</u>, 570 F.2d 309, 317 (10th Cir. 1978).  As set forth in the defendants' Motion in Limine, dated January 30, 2008, the excerpts of the deposition transcripts the plaintiff seeks to admit are riddled with inadmissible hearsay, questions lacking foundation, inadmissible testimony, and numerous questions submitted in objectionable form and, therefore, said evidence is not admissible pursuant to any Federal Rule and should be precluded by this court.  The defendants specifically submit the following in this regard:

With regard to defendant William Tyler, the plaintiff seeks to offer pages 61-66, 78-81, and 101 of his deposition transcript.  Pages 78-81 and 101 contain questions

submitted in objectionable form including improper hypothetical questions. Otherwise all the pages the plaintiff seeks to offer are riddled with inadmissible testimony and/or objectionable questions.

With regard to James Rio, the plaintiff seeks to offer pages 23-31, 38-44, and 60-64. Pages 25, 26, 29, 30, 31, and 39-43 contain numerous questions submitted in objectionable form. Otherwise, the proffered pages of defendant Rios' transcript are riddled with inadmissible hearsay, questions lacking foundation, improper hypothetical questions, and inadmissible testimony.

With regard to Angela Deschenes, the plaintiff seeks to offer pages 48-57. These pages contain numerous questions submitted in objectionable form, improper hypothetical questions, inadmissible hearsay, and irrelevant, inadmissible testimony.

With regard to Shawn Brown and James Jepsen, the plaintiff seeks to offer pages 35-38 and pages 34-37, 53-54, and 61, respectively. These pages are likewise objectionable as they contain questions submitted in objectionable form, improper hypothetical questions, and inadmissible testimony. Further, the deposition testimony offered is in large part irrelevant and inadmissible.

WHEREFORE, for the foregoing reasons and the reasons set forth in the Defendants' Motion In Limine Re: Deposition Transcripts of Defendants James Rio, James Jepsen, William Tyler, Angela Deschenes and Shawn Brown, the defendants

respectfully request that this Court grant said motion, and preclude the plaintiff from introducing excerpts of the defendants' deposition transcripts.

        DEFENDANTS,
        JAMES RIO, BRIAN KILLIANY, JAMES JEPSEN, WILLIAM TYLER, ANGELA DESCHENES AND SHAWN BROWN

        By    /s/ Kristan M. Maccini
        John J. Radshaw, III, ct19882
        Kristan M. Maccini, ct25121
        Howd & Ludorf, LLC
        65 Wethersfield Avenue
        Hartford, CT  06114-1121
        (860) 249-1361
        (860) 249-7665 (fax)
        E-Mail: jradshaw@hl-law.com
        E-Mail: kmaccini@hl-law.com

## **CERTIFICATION**

      This is to certify that on February 4, 2008, a copy of the foregoing **Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion in Limine Re: Deposition Transcripts of Defendants James Rio, James Jepsen, William Tyler, Angela Deschenes and Shawn Brown** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Jon L. Schoenhorn, Esquire
Jon L. Schoenhorn & Associates
97 Oak Street
Hartford, CT  06106

                                         /s/ Kristan M. Maccini
                                         John J. Radshaw, III
                                         Kristan M. Maccini